524

Panther Valley Television Company, Inc., Appellant, v. Summit Hill Borough.

Argued January 13, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*William Z. Scott*, for appellant.

*Frank D. Llewellyn*, for appellee.

OPINION PER CURIAM, February 13, 1953:

Plaintiff is a corporation engaged in the business of receiving television signals by tower and distributing them by cable to persons residing outside the limits of the Borough of Summit Hill, Carbon County. The Borough enacted an ordinance providing for a franchise

tax on corporations so engaged. Plaintiff brought a bill in equity against the Borough to have the ordinance declared illegal and void and the Borough restrained from attempting to collect the tax thereby levied. The Borough filed an answer to the bill challenging its inferences of law but not denying any of the facts stated therein. A hearing was had but the only record there made was of the paragraphs of the bill admitted in the answer; there were no disputed questions of fact. The court subsequently entered an order as follows: "Now, to wit, this second day of May, 1952, it appearing to the Court that no preliminary injunction was issued to restrain the collection of the taxes referred to in the Plaintiff's Bill In Equity, the Court being of the opinion that a preliminary injunction should have issued, to be either dismissed or continued on preliminary hearing, and if continued to be adjudicated upon the merits of the case, the Court concludes that it is without jurisdiction to grant the relief prayed for in the Plaintiff's Bill, and it is hereby ordered and decreed that the Bill be dismissed without prejudice; costs to be paid by the Plaintiff." From that order plaintiff appeals.

The Borough has filed a motion to quash the appeal on the ground that the court's order did not constitute a final decree but was merely a decree nisi. There is no merit in this contention. The hearing held by the court amounted to nothing more than a presentation of the case on bill and answer. There were no findings of fact made nor conclusions of law stated, nor were any required, so that Equity Rules 68 to 72 are not applicable and the dismissal of the bill constituted a final decree: *Sherwood Bros. Inc. v. Yellow Cab Co.*, 283 Pa. 488, 129 A. 563. Nor is there any merit in the Borough's further contention that appellant does not properly state in its brief the questions involved; even if that

criticism were well founded, which it is not, it would not be a ground for quashing the appeal.

Coming, then, to the question of the propriety of the court's order dismissing plaintiff's bill for lack of jurisdiction because no preliminary injunction had been requested, it certainly requires little, if any, discussion to point out the error of the court's action. A plaintiff seeks a temporary injunction only where there is an urgent necessity of keeping the existing situation in statu quo until his case can be investigated and adjudicated. Here the plaintiff had no need for such an injunction because it filed its bill in equity almost an entire year before the first tax payment and report were due under the Borough's ordinance, and therefore it was not threatened by the likelihood of any injury before the merit of its contentions could be determined. In any event, however, it is inconceivable how a failure to request a preliminary injunction could deprive the court of its jurisdiction to adjudicate the case on final hearing, unless, indeed, the matter had meanwhile become moot; in the present instance the question of the legality of the Borough's ordinance had not become moot but remained a serious one for judicial determination.

It may perhaps be added—what has so frequently been pointed out—that a court has *jurisdiction* of an action if its authority extends to the determination of controversies of the general class to which the case presented for its consideration belongs,—the "general class" here being proceedings in equity for an injunction.

Order reversed and record remanded with a procedendo; costs to abide the event.