Herman *v.* Dixon, Appellant.

34

Argued April 29, 1958. Before JONES, C. J., MUS-MANNO, JONES and COHEN, JJ.

*Calvin J. Friedberg,* with him *Joseph A. McKenna,* and *Hicks, Williamson, Friedberg & Jones,* for appellant.

*Henry Houck,* with him *Alexander E. Lipkin,* and *James P. Bohorad,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 26, 1958:

This appeal is from the grant of a preliminary injunction restraining the defendant from practicing medicine or maintaining a medical office within a radius of 15 miles from the City of Pottsville, Pennsylvania.

Plaintiff is a specialist in obstetrics and gynecology practicing in Pottsville. In the spring of 1957 he offered the defendant, who was then completing his residency in this specialty at a Pittsburgh hospital, a position in his office as an associate with the possibility that they would become partners. Defendant accepted this offer and on July 5, 1957, entered into a written agreement of employment whereby he was to perform for the plaintiff such functions and duties as the plaintiff should prescribe and for which he was to receive a salary for the first year and an increasing percentage of plaintiff's net income for the next four years. Both parties were given the right to terminate the agreement, and in the event of such termination the defendant agreed that he would not engage in the practice of medicine in the City of Pottsville or within 15 miles thereof for a period of three years from the date of termination.

Within three months after the inauguration of their association defendant severed his relations with the plaintiff and thereupon opened his own office in Pottsville for the practice of obstetrics and gynecology. Three months thereafter, on January 20, 1958, plaintiff filed a complaint in equity to enjoin Dixon from engaging in the practice of medicine within the proscribed area; and until the determination of the action on its merits, he prayed for the issuance of a preliminary injunction. After a hearing the chancellor granted the preliminary injunction, and this appeal followed.

The limits of our review of the action of a chancellor in issuing a preliminary injunction are established in *Lindenfelser v. Lindenfelser*, 385 Pa. 342, 343-344, 123 A. 2d 626 (1956), where we stated: "Our uniform rule is that, on an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable. . . ."

Basically a preliminary injunction requires the party against whom it is granted to maintain his status until the matters in dispute shall be determined. It also seeks to compel a wrongdoer to give up the status he appropriated before an action could have been instituted against him.

Since a preliminary injunction is somewhat like a judgment and execution before trial, it will only issue where there is an urgent necessity to avoid injury which cannot be compensated for by damages and should never be awarded except when the rights of the plaintiff are clear. Also, it should in no event ever be is-

sued unless greater injury will be done by refusing it than in granting it. Using the above standards, we are of the opinion that here the preliminary injunction was improvidently granted.

At the hearing before the chancellor, plaintiff introduced those portions of his complaint which were admitted by the defendant to establish the existence of the restrictive covenant contained in the employment contract and the breach thereof by the defendant. He then rested his case. Defendant's motion for the dismissal of the rule for a preliminary injunction was overruled. Defendant then attempted to elicit from the plaintiff, whom defendant called as on cross-examination, whether any damage had been suffered by the plaintiff as a result of defendant's competitive practice; whether plaintiff's professional income or practice had been adversely affected thereby; whether the defendant obtained any confidential patient information during his brief association with the plaintiff, and if so, whether he had attempted to utilize such data, or whether defendant had either acquired or solicited any of plaintiff's patients. To each of these lines of questioning counsel for plaintiff interposed objections which the chancellor sustained. Similarly, under the chancellor's rulings defendant himself was not permitted to testify whether he had acquired confidential information with respect to the plaintiff's records, patients or medical practice; whether he had utilized any such information; or whether he had accepted or would accept any of plaintiff's patients.

There is, consequently, no basis on the present state of the record of this case for the finding of such urgent necessity for the prevention of irreparable harm to the plaintiff as would justify the peremptory relief awarded. *Panther Valley Television Co. v. Summit Hill Borough,* 372 Pa. 524, 526, 94 A. 2d 735 (1953).

On the other hand, it appears that defendant had established an office and openly engaged in the practice of medicine for three months before plaintiff attempted to restrain such conduct. Rather than preserve the status quo the injunctive relief granted would destroy it. In this connection we note that not only would defendant be deprived of his practice but also that it appears that he and his family would suffer the greater injury if the relief granted were allowed to stand since he testified that he is without financial resources to establish another practice outside of the proscribed area of competition. As these are the very circumstances and considerations which will determine whether the restrictive covenant may be enforced by the plaintiff, *Morgan's Home Equipment Corp. v. Martucci*, 390 Pa. 618, 136 A. 2d 838 (1957), plaintiff has failed to establish his clear right to the injunctive relief awarded.

We do not now decide whether, after a hearing on the merits of his action, plaintiff can establish his right to such relief in accordance with the required legal principles. That question is not now before us. It is sufficient on the present appeal to note that the record is bare of any evidence of the requirements necessary to the granting of a preliminary injunction against a former employe.

The decree of the court is reversed, the injunction dissolved, and the rule discharged. Costs to abide the event.