674

FREDERIC G. ANTOUN, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, October 27, 1958. — You have requested an opinion as to whether or not the breach or alleged breach of an employment contract entered into between an applicant and his former employer, a security dealer, wherein applicant agreed not to compete with employer for a period of two years if his employment was terminated, is sufficient to deny an applicant registration as a securities dealer.

The Pennsylvania Securities Act of June 24, 1939, P. L. 748, sec. 6, as amended, July 10, 1941, P. L. 317, sec. 1, specifically provides:

". . . The commission, after hearing, may by order deny registration of an applicant if the commission

finds that the applicant is not of good repute or that the proposed plan of business of the applicant is unfair, unjust or inequitable or that the applicant is not of sufficient financial responsibility to deal safely with the public. . . ."

It is our opinion that the commission has full authority to examine all matters pertaining to the applicant for registration and to the officers of a corporation applying for registration as a security dealer and, after taking all factors and evidence into consideration, to refuse to register an individual or corporation as a dealer if the commission concludes after hearing that the applicant is not of good repute or that the proposed plan of business of the applicant is unfair, unjust or inequitable or that the applicant is not of sufficient financial responsibility to deal safely with the public.

Such an inquiry, however, is limited to matters which may fairly raise a question as to whether the applicant meets these qualifications. Here the question arises as to the application to the facts submitted of the criterion that the "proposed plan of business of the applicant is unfair, unjust or inequitable. . . ." It is our conclusion that this criterion for refusal does not apply to a private dispute which involves contractual obligations such as those alleged here. The applicant may have a valid legal defense to the former employer's allegation. See Herman v. Dixon, 393 Pa. 33 (1958). If so, the securities commission should not be placed in the position of denying registration for a reason which might later be rejected by the courts in a suit between the applicant and his former employer.

The commission is not empowered to enforce the contractual obligations of any parties, and, therefore, it cannot refuse registration of an applicant on the basis of a breached or allegedly breached employment contract. The contract is one between individuals and the

enforcement thereof, disputes arising thereunder and defenses thereto are matters which are placed by law within the jurisdiction of, and must be decided by, the courts of the Commonwealth.

The good repute of an individual consists of many things, but any implication of ill repute based upon a broken contract should not be considered by the commission until the issue has been determined by the courts.

You are therefore informed that if the application for registration is proper in all respects except for an objection based upon an employment contract between the applicant for registration as a securities dealer and a former employer, the applicant may be registered.