## Rosenberg, Appellant, *v.* United States Lumber Company.

Argued November 23, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Wilbur Greenberg,* for appellant.

*J. C. Kreder,* with him *Warren, Hill, Henkelman & McMenamin,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, December 30, 1959:

This appeal grows out of a stockholder's suit instituted by Maxwell H. Rosenberg against the United

States Lumber Company, the J. J. Newman Lumber Company, and the officers and directors of the two defendant corporations. The J. J. Newman Lumber Company is a wholly owned subsidiary of the United States Lumber Company.

By his bill of complaint, the plaintiff sought an injunction enjoining and restraining the defendants from causing or having caused the transfer by the United States Lumber Company to the J. J. Newman Lumber Company of a portion of its shares of stock in the latter company and moved for a preliminary injunction which the chancellor denied for the following reasons, —(1) the bill does not show on its face any averments that could lead to a finding of fraud, mismanagement or misconduct on the part of either of the companies concerned or on the part of the individual defendants; (2) the bill does not aver any facts which, if proved, would support a conclusion that irreparable harm will be done the plaintiff by the proposed stock transfer; and, (3) it is apparent on the face of the bill that the plaintiff will have adequate remedies against the defendants by reason of his ownership of shares in the United States Lumber Company if the proposed stock transfer should *in fact* ultimately work to the harm of the plaintiff as a minority stockholder of the United States Lumber Company. The chancellor was accordingly of opinion that there is no equity in the bill, as presented, and consequently refused the plaintiff a preliminary injunction but without prejudice to his right to amend his bill of complaint so as to plead, if possible, facts sufficient to make out a case for a preliminary injunction.

A reading of the complaint compels the conclusion that the chancellor had justifiable grounds for refusing a preliminary injunction. The plaintiff's bill avers no deficiency, either of commission or omission, in the corporate action taken, or to be taken, by the United

States Lumber Company in order to transfer to the J. J. Newman Lumber Company a certain number of the shares which the parent company owns in that company. What the plaintiff appears to fear (and that is the gravamen of his complaint) is that, after the shares have been transferred to the J. J. Newman Lumber Company and thereby become treasury stock of that company, the shares may thereafter be disposed of, through United States Lumber Company's majority control and domination of the J. J. Newman Lumber Company in such a manner as to impair the plaintiff's rights as a stockholder of the United States Lumber Company. If such a contingency should ever transpire, equitable relief will not be either wanting or unavailable to the plaintiff upon a proper showing of injury threatened or done.

In view of the foregoing, the order denying the plaintiff a preliminary injunction is necessarily to be affirmed. See *Lindenfelser v. Lindenfelser*, 385 Pa. 342, 344, 123 A. 2d 626, and cases there cited.

Order affirmed at appellant's cost.