## Greenberg v. Blumberg

*Norman P. Zarwin, Zarwin, Prince & Baum,* for plaintiffs.

*Greenberg, Poserina & Sagot,* for defendants.

ALEXANDER, J., July 20, 1964.—This case was before the court upon plaintiffs' petition for a declaratory judgment, defendants' answer thereto, and plaintiffs' motion for judgment on the pleadings pursuant to Pennsylvania Rule of Civil Procedure 1034.

The court entered an order granting plaintiffs' motion for judgment on the pleadings on March 31, 1964, and defendants have subsequently filed this appeal. The basis of the court's order granting the motion for judgment on the pleadings was that the restrictive covenant contained in paragraph 18 of the agreement of the parties, dated April 6, 1954, is an unreasonable, unlawful and invalid restraint of trade.

The facts in the case, as established by the pleadings, may be fairly stated as follows:

On April 6, 1954, the parties executed a written contract of sale and purchase of a retail hardware business located at 6631-33 Chew Avenue, Philadelphia, Pa. The present plaintiffs, Greenberg and Feldman, were the purchasers of the business and defendants, the Blumbergs, were the sellers of the business. The total consideration paid by the purchasers to the sellers for the said business was $36,000. The consideration included the purchase of all of the inventory of the business, all furniture, fixtures and equipment, except for a refrigerator, and the "good will" of the business.

On the same date as the above agreement, April 6, 1954, the parties executed a lease agreement for the business premises, 6631-33 Chew Avenue, for a period of three years, for a total consideration of $9,600 or $250 for the first month and $275 for each month thereafter for the period of 36 months. Paragraph 29 of the lease agreement provided for a 2 year renewal after the initial 3 years and for a 5 year renewal thereafter. The lease agreement was, in fact, renewed for the 2 5-year periods following the initial 3-year period, so that the business premises was rented by plaintiffs from defendants for a total period of 10 years up to April 6, 1964. The total rent paid by plaintiffs over the 10-year period was $32,100.

Towards the end of the 10-year leasing period, the parties attempted to renegotiate their lease agreement but they were unsuccessful.

Thereafter, on July 26, 1963, plaintiffs filed the present petition for a declaratory judgment seeking a judicial determination as to the validity of the following restrictive covenant contained in paragraph 18 of the agreement of sale of the business, dated April 6, 1954:

"The BUYERS (the plaintiffs herein) agree that they will not engage, either directly or indirectly, individually or jointly, or as agents, servants or employees, or in any manner whatsoever carry on, or engage in, or have any interest in the conduct or ownership of a houseware, toys, sporting goods and hardware or similar business within a radius of one mile in every direction from premises 6631-33 Chew Street, Philadelphia, Pennsylvania for a period of two years after the termination of the aforementioned lease or renewal or renewals thereof provided that the SELLERS are ready, willing and able to rent the aforementioned premises to the BUYERS at a rental comparable to rentals for similar premises in the aforementioned area."

Paragraph 17 of the agreement of April 6, 1954, places a similar restrictive covenant upon the sellers, defendants herein, not to compete with the buyers during the existence of the lease agreement within a distance of one mile from the business location.

Accordingly, the essential facts are that plaintiffs paid a valuable consideration for the purchase of defendants' retail hardware business, leased the business location from the defendants for a period of 10 years and because of the failure of the parties to renegotiate a new lease agreement, plaintiffs seek to avoid the restrictive covenant of not competing within a one mile area of the business premises for a 2-year period. Also, it must be noted that at the time of the purchase of the business by plaintiffs, they specifically purchased its "good will" which was valued in the agreement at $1,500.

This case is unique in that the agreement of the parties places a restrictive covenant upon the purchaser of the business after the expiration of a long-term lease of the business premises and even though

the agreement of the parties was for the absolute sale of the business in question including its "good will."

In order to justify and for the courts to enforce a restrictive covenant upon the conduct of a business, the covenant must be seen to serve some useful economic function, such as the protection of the "good will" of the business in question. Otherwise, there exists no basis to enforce such covenants upon the parties to an executed agreement of sale and purchase of a business: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 631 (1957).

The restrictive covenant in question serves no useful economic function which might justify this court to specifically enforce it. Plaintiffs purchased the business in question, including its "good will," in 1954. Accordingly, defendants sold all of their interest in this business at that time and there is no remaining business asset, either tangible or intangible, owned by defendants which would warrant the enforcement of the restrictive covenant in question. The sale of the business being absolute, defendants could not now seek to prevent its operation within a designated geographical area of the city. Cf. Morgan's Home Equipment Corp. v. Martucci, supra.

In Herman v. Dixon, 393 Pa. 33 (1958), the court dissolved an injunction which restricted defendant's practice of medicine in Pottsville, when it determined that the record presented no compelling reason for the enforcement of the restrictive covenant contained in the employment contract of the parties. The court held that plaintiff had to establish a "clear right" to injunctive relief in order that the enforcement of the restrictive covenant would be justified.

In this case, there is no basis upon which defendants could seek to enforce the restrictive covenant against plaintiffs due to the fact that their entire interest in the business was sold to plaintiffs more than 10 years

ago. The mere fact that defendants continued to own the property where the business was located for some 10 years, does not give them standing to enforce the covenant in question against a business in which they own no interest whatsoever. To enforce this restrictive covenant would, in our judgment, be unreasonable and it would deprive the community in which this business has been operated for the past 10 years of a valuable business asset and retail hardware service. See Henschke v. Moore (No. 1), 257 Pa. 196 (1917).

Defendants argue that the covenant in question should be considered reasonable due to the fact that it simply restricts plaintiffs from competing "in the same business as the defendants" after the termination of the lease for the business premises. This argument must fail due to the fact that defendants are no longer in the business in question, it having been sold to the plaintiffs in 1954. This being the case, the court views the covenant as a nullity.

The case of Ross v. Houck, 184 Pa. Superior Ct. 448 (1957), cited by the defendants does not support their position that a seller of a business may impose a restrictive covenant upon the buyer. The covenant in the Ross case, supra, was the usual covenant on the part of the seller of a business not to compete in the geographical area for a reasonable period of time.

Similarly, Seligman & Latz v. Vernillo, 382 Pa. 161 (1955), does not support defendants' position in this case. In that case, the restrictive covenant was upon an employe who had been trained in hairdressing techniques by plaintiffs.

Likewise, the Texas case which defendants cite, Perdue v. Hughes, 143 S. W. 2d 684 (Tex. Civ. App.) (1940), is clearly distinguishable from the facts of this case. That case involved the lease of a business from the owner thereof to defendant, whereas, this case involves an absolute sale of a business.

Moreover, defendants have cited no authority for the enforcement of a restrictive covenant based upon facts which are similar or comparable to the facts established by the pleadings in this case, to wit, an absolute sale of a retail business upon which a restrictive covenant is sought to be enforced by the seller against the buyer, after the termination of long-term leasing period. Also, the facts establish that defendants are no longer in the business in question, a neighborhood hardware store.

Accordingly, plaintiffs' motion for judgment on the pleadings was granted and the restrictive covenant contained in the parties' contract of 1954, was held to be invalid and unenforceable.