432 A.2d 238

## TOWNSHIP OF CLINTON

v.

**CARMAT, INC., William B. Dixon, Arlene H. Dixon, Donald C. Dixon, William S. Dixon and Scott Dixon, individually and doing business as "Liberty House", Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed July 10, 1981.

434

Joseph A. O'Brien, Scranton, for appellants.

George E. Clark, Scranton, for appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

On April 17, 1980, plaintiff-appellee, Township of Clinton, filed a complaint in equity seeking a preliminary injunction and, eventually, a permanent injunction to restrain the appellants-defendants (Carmat) from operating a business known as "Liberty House" in said township. Simultaneously, it requested the court to issue a rule to show cause why a preliminary injunction should not issue, which was granted that same day. The order granting the rule set April 30, 1980, at 2 p. m. as the time for a hearing on the rule. This date was later changed to, and the hearing held on, May 1, 1980 at 1:30 p. m. No answer to the complaint had then been filed by the defendants.

Following the taking of a large amount of testimony from numerous witnesses for both parties, the court, instead of granting or refusing to grant a preliminary injunction, filed an Adjudication in the usual form with a Decree Nisi dated May 23, 1980. Therein the court enjoined the defendants from operating their business. It is that which is the basis of this appeal. There appears to have been no further action in the court below, such as the filing of exceptions to the Decree Nisi or the entry of a final decree. We also do not find any agreement of the parties or their counsel that the hearing held May 1, 1980, should be considered final.

■ Appellants argue that the injunction referred to in the Decree was a permanent injunction, and therefore, erroneously granted since the decree was entered following a hearing at which only a temporary injunction was sought. If appellants' interpretation of the Decree Nisi is correct, that argument is sound. It is improper to treat the hearing on the application for a preliminary injunction as a final hearing on the merits and as the basis for a final decree unless the parties stipulate that it may be so treated. *Drum v. Dinkelacker*, 262 Pa. 392, 105 A. 509 (1918); *Slott v. Plastic Fabrication, Inc.*, 402 Pa. 433, 167 A.2d 306 (1961).

■ We must disagree with appellants, however, as to the nature of the injunction granted. Regardless of the

language employed by the lower court in resolving the matter, it must be considered a temporary injunction as sought initially by appellee, Clinton Township. We deem it so to be.

The purpose of a preliminary injunction is to prevent harm that may be imminent and, if continued, irreparable. *Herman v. Dixon*, 393 Pa. 33, 141 A.2d 576 (1958); *Slott v. Plastic Fabrication, Inc.*, supra. The pleading or proof of same must show the need for immediate relief. *Herman v. Dixon*, supra. Our review of the record, as it stood at the time of the granting of the order, satisfactorily supports our conclusion that the issuance of a preliminary injunction was proper.

We, therefore, affirm the order (Decree Nisi) granting a preliminary injunction, without prejudice to the appellants' right to move for its dissolution, their right to file an answer to the complaint within twenty (20) days of the remittitur of the original record, or, their right to take such other permissible action as is deemed proper.