Crestwood School District and the Crestwood School District Board, Appellants *v.* John F. Topito, Jr. et al., Appellees.

Argued June 8, 1983, before Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Joseph B. Farrell,* with him *Harry P. Mattern,* for appellants.

No appearance for appellee.

Opinion by Judge Barbieri, August 11, 1983:

The Crestwood School District and the Crestwood School District Board (Appellants) appeal here from an order of the Court of Common Pleas of Luzerne County (1) denying a request for a preliminary injunction and (2) ruling on the merits of a complaint in equity. We remand.

On June 21, 1982, five residents of the Crestwood School District (District), John and Sandi Topito, Jr., Jeffrey and Patti Holmberg, and John D. Lambert (Petitioners), filed a complaint in equity against Appellants in which they advanced several legal theories in support of the proposition that the Crestwood School District Board (Board) had improperly voted at a May 27, 1982 Board meeting to close a District elementary school known as the White Haven School. Among the theories advanced in this complaint was that the Board's notice of its May 27, 1982 meeting

had failed to comply with the requirements of Section 423 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §4-423. A Petition for Preliminary Injunction was then filed on August 20, 1982, and an answer to this petition was filed on August 24, 1982. On the same day that Appellants filed their answer to the preliminary injunction petition, an off-the-record conference was held before a court of common pleas judge. Subsequent to this conference, the judge issued an order (1) denying the request for a preliminary injunction and (2) ruling in favor of Petitioners on the merits of their equity action. This order reads in its entirety as follows:

> Now, this 24th day of August, 1982, the Petition for a Preliminanry Injunction is dismissed. It is further ordered, adjudged and decreed that the special meeting of the Crestwood School District held on May 27, 1982, for the purpose of closing the White Haven School was illegal, in that, the purpose of the special meeting was not stated as required by the Public School Code of 1949, Section 423. The action taken is without prejudice to the School District to proceed to an appropriate special meeting by giving proper notice and hearing thereon.

In a subsequent opinion in support of its order, filed after Appellants filed an appeal to this Court, the court apparently concluded that it had to deny the request for a preliminary injunction since it was ruling on the merits of the equity action stated, *inter alia,* that "we have no other recourse than to dismiss the instant petition for a preliminary injunction, the action of the Crestwood School District Board closing the White Haven School having no force and effect."

Before this Court, Appellants raise a number of issues which need not be addressed here because of the procedural posture of this case.

"It is improper to treat the hearing on the application for a preliminary injunction as a final hearing on the merits and as the basis for a final decree unless the parties stipulate that it may be so treated." *Township of Clinton v. Carmat, Inc.*, 288 Pa. Superior Ct. 433, 435, 432 A.2d 238, 239 (1981). Here, the record fails to show any agreement among the parties to the effect that the court should rule on the merits of the complaint at such an early stage of the proceedings, and we believe that the court improperly did so. Furthermore, even if the court could have properly addressed the merits of the complaint, its order would still have to be vacated because of the court's failure to follow the procedures specified in Pa. R.C.P. No. 1516-1519 for the resolution of equity actions. *In re Involuntary Termination of Parental Rights*, 487 Pa. 387, 409 A.2d 404 (1979); *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 240 A.2d 491 (1968); *Groff v. Borough of Sellersville*, 12 Pa. Commonwealth Ct. 315, 314 A.2d 328 (1974); *Cornell v. D'Italia*, 287 Pa. Superior Ct. 233, 429 A.2d 1186 (1981). Therefore, we will vacate the court of common pleas' order and remand this case so that the court may, if the parties so desire, reconsider and dispose of the Petition for Preliminary Injunction in accordance with the procedures specified in Pa. R.C.P. No. 1531. The court may then, of course, proceed to the merits of the complaint, disposing of them in a manner consistent with the requirements of Pa. R.C.P. No. 1517-1519.

### Order

Now, August 11, 1983, the order of the Court of Common Pleas of Luzerne County dated August 24, 1982, and docketed at No. 65-E of 1982, is vacated, and the record in this case is hereby remanded for proceedings consistent with the opinion above. Jurisdiction relinquished.