Julie **BERGER,** (a minor) By and Through her parent and natural guardian Jeffrey **BERGER,** Jamie Yanko, (a minor) by and through her parent and natural guardian Barbara Yanko, and Jacylyn Giansante, (a minor) by and through her parent and natural guardian Pamela Giansante

v.

**WEST JEFFERSON HILL SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1995.

Decided Dec. 28, 1995.

Ira Weiss, for appellant.

Michael K. Khoury, for appellees.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

West Jefferson Hills School District (School District) appeals an order of the Court of Common Pleas of Allegheny County which granted a permanent injunction enjoining the School District from continuing its suspension of Julie Berger, Jamie Yanks and Jacylyn Giansante (collectively, Students).

The Students are three female students who attended the School District during the 1994–95 school year. On March 23, 1995, during their third period Food Preparation class, the Students drank vodka from an Evian water bottle. Based on the admission of each of the Students that they had in fact been drinking alcohol during class, the School District suspended each student indefinitely as of March 23, 1995.

Following a full evidentiary hearing held before the Board of School Directors of West Jefferson Hills School District (Board) on April 6, 1995, the Board voted to expel the Students for the remainder of the 1994–95 school year and to readmit the Students to the District for the 1995–96 school year, provided that they meet certain conditions involving drug and alcohol assessments.

On April 20, 1995, the Students filed a complaint in equity in the common pleas court and a motion for a preliminary injunction. After oral argument on the motion on April 21, 1995, the trial judge issued a **permanent** injunction restraining the School District from continuing its expulsion of the Students. The School District's appeal to this Court followed.

On appeal, the School District argues that the trial court erred in granting a permanent injunction because (1) a court cannot order a final injunction in response to a request for a preliminary injunction, (2) the Students had an adequate remedy at law, and (3) the trial court improperly substituted its own judgment for that of the School Board.

 The primary purposes of a preliminary injunction are to preserve the status quo and prevent imminent and irreparable harm which might occur before the merits of the case can be heard and determined.[1] *Township of Clinton v. Carmat, Inc.*, 288 Pa.Superior Ct. 433, 432 A.2d 238 (1981). Pa.R.C.P. No. 1531 sets forth the procedural steps which must be followed to obtain a preliminary injunction. Generally, a preliminary injunction may be issued only after written notice and a hearing. Pa.R.C.P. No.

---

1. A court may grant a preliminary injunction only where the movant establishes: "(1) that relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) that greater injury will occur from refusing the injunction than from granting it; (3) that the injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) that the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) that the plaintiff's right to relief is clear. Because one of the elements which the moving party must establish is that 'his right to relief is clear,' it is of course necessary that the moving party be able to show that he has a reasonable likelihood of success on the merits." *Lewis v. City of Harrisburg*, 158 Pa.Cmwlth. 318, 631 A.2d 807, 810 (1993).

1531(a).[2] Rule 1531(b) additionally requires the plaintiff to file a bond with the prothonotary. This requirement is mandatory and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff. *Christo v. Tuscany, Inc.*, 308 Pa.Superior Ct. 564, 454 A.2d 1042 (1982).

■ Whether a preliminary injunction is granted or denied has no affect on whether a final, permanent injunction will ultimately be issued. *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Superior Ct. 473, 522 A.2d 1129 (1987). A final injunction is warranted if no adequate remedy at law exists for a legal wrong. *Id.* "When a final injunction is granted, the court must issue a preliminary decree as mandated by Rule 1517. This order must contain a decree nisi, a statement of issues, findings of fact and conclusions of law." *Id.* at 479, 522 A.2d at 1132; *see* Pa.R.C.P. No. 1517(a). There is no bond requirement in connection with a permanent injunction. *Soja.*

■ In the instant case, the trial court treated the argument on the Students' motion for a preliminary injunction as a full hearing on the merits, ordering a permanent injunction. In doing so, the trial court committed two significant errors.

First, the trial court failed to issue a decree nisi as mandated by Pa.R.C.P. No. 1517, thus depriving the School District of the opportunity of filing exceptions to the decree nisi.

■ Second, it is well established that a court may not treat a hearing for a preliminary injunction as a final hearing and as a basis for a permanent injunction, unless the parties stipulate to the contrary. *LARA, Inc. v. Dorney Park Coaster Co., Inc.*, 116 Pa.Cmwlth. 548, 542 A.2d 220 (1988), *petition for allowance of appeal denied*, 522 Pa. 580, 559 A.2d 40 (1989); *Soja; Crestwood School District v. Topito*, 76 Pa.Cmwlth. 321, 463 A.2d 1247 (1983). The rationale against integration of these two proceedings is that separate and distinct standards control a request for a preliminary injunction, on the one hand, and a request for a permanent injunction, on the other.[3] *LARA, Inc.*

In the instant case, however, the record discloses no stipulation by the parties to treat the proceeding on the preliminary injunction as a hearing on the merits. To the contrary, counsel for the School District reminded the court, at least twice, that the hearing was confined to the students' request for a preliminary injunction. (Transcript of April 21, 1995 Proceeding at 6, 8; Reproduced Record at 27a, 29a.)

Accordingly, because the trial court improperly granted a permanent injunction in response to a request for a preliminary injunction and also failed to satisfy the procedural requirements of a permanent injunction as set forth in Pa.R.C.P. No. 1517, we must reverse and remand.[4] On remand, the trial court shall conduct a hearing to deter-

2. A preliminary injunction (often referred to as a temporary restraining order or TRO) may be granted without written notice and a hearing only where the court determines that immediate and irreparable harm will be sustained before written notice can be given and a hearing held. A hearing must then be held within five days in order to preserve the injunction. Pa.R.C.P. No. 1531(d).

3. In *Soja* the Superior Court explained:

It is inappropriate to integrate the two proceedings since each is controlled by a separate and distinct standard. The request for a preliminary injunction turns on the presence of imminent, irreparable harm. However, even if such a threat is not present, the plaintiff may still be entitled to prevail on the merits of his claim and obtain a final injunction. Certainly,

it is unfair for a court to determine an action based upon a different legal standard than that by which the litigants believed themselves to be governed. It is the antithesis of due process to bring someone before a court to defend himself on one basis if the court then reaches its decision on a different basis. It is also unfair to reach a final decision after a preliminary proceeding. A litigant may not prepare as completely as he would had he realized that he was not going to receive a second chance to present his case.

*Soja,* 361 Pa.Superior Ct. at 481, 522 A.2d at 1133.

4. Because we hold that a trial court cannot issue an order granting a permanent injunction following a hearing on a motion for a preliminary injunction, we need not address the other issues raised by the School District on appeal.

mine whether or not a **preliminary injunction** should issue.

Jurisdiction relinquished.

### *ORDER*

NOW, December 28, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and this case is remanded to the trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.