## NEW MILFORD TOWNSHIP

v.

### Scott T. YOUNG and Virginia L. Young, t/d/b/a Camp at East Lake, Appellants.

### New Milford Township

v.

### Scott T. Young and Virginia L. Young, t/d/b/a Camp at East Lake, Appellants.

### New Milford Township

v.

### Scott T. Young and Virginia L. Young, t/d/b/a Camp at East Lake, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 2007.

Decided Dec. 21, 2007.

Edmund J. Scacchitti and Charles L.E. Wage, Scranton, for appellants.

Michael Briechle, Montrose, for appellee.

BEFORE: COLINS, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge COLINS.

In these consolidated appeals Scott T. and his wife, Virginia L. Young appeal several decisions of the Court of Common Pleas of Susquehanna County. One of these appeals, docketed at 1330 C.D. 2006, pertains to an order of the trial court that adopted and made final a Decree Nisi permanently enjoining the Youngs from operating a commercial seasonal campground facility or public residential facility on a tract of property they own in New Milford Township, pending their compliance with certain sewage planning and permitting requirements. The second appeal, docketed at 1329 C.D. 2006, involves the trial court's order affirming a decision by a hearing officer under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, whereby the hearing examiner rejected the Youngs' appeal of the Township's revocation of a permit for the installation of a sewage system the Township had issued to the Youngs in 1997 and imposed fines upon the Youngs based upon the Youngs' alleged failure to obtain requisite sewage permits. The third appeal, docketed at 345 C.D. 2007, involves the Youngs' Petition to strike off and/or Open Judgment with regard to a $26,000 judgment entered on the dockets of the Common Pleas Court relating to the fines imposed under the hearing examiner's decision in the permit revocation matter appealed at 1329 C.D. 2007.

### Facts and Procedural History

The Youngs own a 24.35–acre parcel of land in New Milford Township. That tract had once been part of an 800–1,000–acre boys' camp. The Youngs operate the Camp at East Lake (Camp) on the property. In 1997, the Youngs applied for and obtained a permit authorizing them to replace two existing septic tanks with 1,000 gallon tanks.[1] However, the Youngs never

---

1. Although the Township's permit does not indicate the number of replacement tanks, the

sought to install a sewage system pursuant to that permit from that point onward, until the Township initiated the injunction action and revoked the permit at issue in the appeals at Nos. 1330 & 1329 C.D. 2006, as described below.

In May 2003, the Township received a complaint regarding the Youngs' activity on the property. The Township's Sewage Enforcement Officer (Enforcement Officer) inspected the property and determined that conditions on the property constituted violations of the Pennsylvania Sewage Facilities Act (Act), Act of January 24, 1966, P.L. 1535 (1965), *as amended,* 35 P.S. §§ 750.1–750.20. The Youngs produced the 1997 permit, asserting to the Enforcement Officer that the permit allowed the Youngs to construct sites for recreational vehicles, with each site containing a sewage hook-up. The Officer responded that the permit did not allow the Youngs to install sewage pipes or make sewage connections to existing sewage lines that had been installed in 2003. On June 9, 2003, the Township, by certified mail, issued letters notifying the Youngs of the violations.

On September 13, 2004, the Township received complaints that a sewage tank on the property had appeared above ground level. The Enforcement Officer conducted an inspection of the property and discovered that a tank approximately 7,000–gallons in size had surfaced in close proximity to lines installed in 2003. The Township refused a request by the Youngs for a permit that would allow them to reinstall the tank. Despite the Township's refusal, the Youngs reinstalled the tank without a permit.

Youngs' application with the Department of Environmental Protection indicates that they

### a. Procedural History Pertaining to the Complaint in Equity

On October 19, 2004, the Township filed a two-count complaint in equity alleging that a public nuisance existed on the Youngs' property and that the Youngs had violated Section 7 of the Act, 35 P.S. § 750.7, for installing a sewage facility without a permit, seeking injunctive relief. On October 20, 2004, based on an assertion that raw sewage was present on the property, the Township requested a preliminary injunction enjoining the Youngs from operating the Camp, which the trial court granted on the same day.

The trial court conducted hearings on the preliminary injunction beginning in May 2005. On June 28, 2005, the trial court, in response to the Youngs' petition, modified the preliminary injunction allowing the Youngs to use some of the sewage facilities on their property. On August 9, 2005, the trial court ordered the property completely closed after some concerns were raised that raw sewage was discharging onto the Township's roads. On August 11, 2005, the trial court entered an order, based on the parties' stipulation that allowed the Youngs to open and operate the camp to the degree allowed by the June 28, 2005, order. The trial court held a number of subsequent hearings, eventually entering a Decree Nisi on April 28, 2006, permanently enjoining the Youngs from operating a commercial seasonal campground facility or public residential facility until all of the planning and permitting of sewage systems on the property were completed in accordance with the Act. The trial court entered a final decree, adopting the language of the Decree Nisi on June 15, 2006. The Youngs filed an appeal with this court.

intended to replace two tanks.

### b. Procedural History Relating to the Local Agency Law Action Involving the Revocation of the 1997 Permit

On June 27, 2005, while the proceeding before the trial court in the equity action was ongoing, the Township revoked the 1997 permit pursuant to Section 7 of the Act, 35 P.S. § 750.7(b)(6), and 25 Pa.Code § 72.28. The Youngs requested a hearing in accordance with the Local Agency Law regarding the revocation of their permit. A hearing officer conducted a hearing on September 2, 2005, and issued her report on December 20, 2005, affirming the Township's permit revocation. On January 7, 2006, the hearing officer issued an amended report assessing a $1,000 civil fine against the Youngs and an additional $100 per day fine if not fixed within sixty days. The trial court affirmed the hearing examiner's decision, and the Youngs appeal that order to this Court.

### c. The Youngs' Various Praecipes

The Township had filed four municipal liens against the Youngs on August 17, 2006, September 7, 2006, September 22, 2006, and October 11, 2006, relating to the penalty imposed under the hearing examiner's decision. On December 6, 2006, the Township filed five praecipes with the Prothonotary of the Court of Common Pleas of Susquehanna County. Four of those praecipes sought to withdraw the four municipal liens noted above. The fifth praecipe, at issue here, was an Entry of Judgment against the Youngs in favor of the Township in the amount of $26,600.00. The Youngs' Petition requested that the Trial Court strike off or open that judgment.

We will address the appeals in the order discussed above.

### No. 1330 C.D. 2006—Entry of Permanent Injunction

The Youngs raise the following issues in their challenge to the trial court's grant of a permanent injunction: (1) Whether the trial court erred as a matter of law by entering a Decree Nisi followed by a Final Decree when the issue before the trial court was limited to the Township's request for a preliminary injunction to abate the alleged nuisance; (2) Whether the relief the trial court granted is excessive; and (3) Whether the trial court abused its discretion and committed an error of law by entering the Final Decree when the court had previously determined that the limited operation of the Camp by the Youngs would abate the nuisance. Because we conclude that the trial court erred in entering a final order and granting a permanent injunction without first holding a final hearing on the issues, we will vacate and remand as to the permanent injunction case at No. 1330 C.D. 2007. In *Berger v. West Jefferson Hill School District,* 669 A.2d 1084, 1086 (Pa.Cmwlth. 1995), this Court noted the well-established principle that "a court may not treat a hearing for a preliminary injunction as a final hearing and as a basis for a permanent injunction, unless the parties stipulate to the contrary." Unfortunately, that is what happened in this case, and accordingly, we must vacate the trial court's order and remand the matter to that court for a final hearing on the request for a permanent injunction.

### No. 1329 C.D. 2006—Local Agency Law Appeal

The Youngs raise the following issues in this appeal: (1) Whether the Township denied the Youngs their due process rights guaranteed by the United States and Pennsylvania Constitutions by pursuing an action against the Youngs in the equity action and the Local Agency Law action; (2) Whether the Township violated Article 1, Section 1 of the United States Constitu-

tion—the Separation of Powers Clause—by simultaneously pursuing both its claim in equity and at law under the Local Agency Law; and (3) Whether the hearing examiner's factual findings are supported by substantial evidence and their conclusions of law correct.

■■ The Youngs assert that the Township violated their constitutional rights by revoking their permit under the Local Agency Law during the period it was also pursuing its action in No. 1330 C.D. 2006. The Youngs first argue that the Township lost its right to pursue its statutory permit revocation remedy once it began to seek injunctive relief. As the Township notes, the Sewage Facilities Act includes a provision permitting a municipality to pursue equitable relief during the period when statutory relief is also being pursued. Section 15 of the Act, 35 P.S. § 750.15. The matters at issue are factually distinct. The permit issue involved a permit the Township granted to the Youngs in 1997 for the replacement of sewage tanks maintained at another part of the camp unrelated to the sewage system proposed for their expanded use. That 1997 permit authorized the Youngs only to replace and maintain two sewage tanks that already existed on the property. However, the Youngs claimed that, among other things, the permit authorized them to construct and maintain sewage systems that would accommodate their plans to expand their campground services to recreational vehicles.[2] Clearly the permit provided no such authority. Based upon the Youngs' erroneous reliance upon the earlier permit to perform sewage-related alterations that exceeded the authority the 1997 permit granted, the Township reasonably sought to revoke the permit. Section 7(b) of the Act clearly provided the Township with the authority to pursue its permit revocation action because it believed that the Youngs had violated the Act.

On the other hand, the equity action involved the Township's inherent right to seek to abate a condition it believed to be a nuisance harmful to the community and to obtain injunctive relief against conduct the Township believed constituted violations of its ordinances and the Sewage Facilities Act. While the two actions are inter-related to some degree, they involve different fundamental facts and legal issues. As the Township notes, although the permit revocation proceedings involved the presentation of overlapping evidence, the sole issue the hearing examiner resolved was whether the Township was entitled to revocation of the permit it had granted in 1997.

■■ With regard to the question of the hearing examiner's imposition of the fine, we agree with the Youngs that the hearing examiner did exceed her power in that the single question before her, as argued by the Township in its brief, concerned whether or not to revoke the permit. Therefore, by imposing fines related to the Youngs' argument that conduct on the property that was subject to resolution via the complaint in equity (No. 1330 C.D. 2006), she appears to the Court to have exceeded the scope of her authority. However, the Township points out that Section 13(c) of the Act, 35 P.S. § 750.13(c), requires a party to submit payment of a fine a hearing examiner imposes within thirty days. The statute provides that the failure to pay or post collateral "shall result in a waiver of all legal rights to appeal the violation or the amount of the penalty." Because the

2. The Youngs argue that there is no substantial evidence to support this finding. However, testimony of statements they made concerning the authority the permit provided constitute statements against interest and thus are exceptions to the hearsay rule.

Youngs never complied with this provision, they have waived their appeal rights under the Act. Consequently, we affirm the trial court's order in this appeal.[3]

### No. 345 C.D. 2007—Trial Court's Failure to Act on Praecipes

Pursuant to the hearing examiner's decision imposing fines, the Common Pleas Court entered judgment against the Youngs in the amount of $26,600. The Youngs filed a petition to strike off and/or open that judgment. The Trial Court concluded that it lacked jurisdiction to either grant or deny the Petition because the Youngs had appealed the permit revocation matter to this Court. The sole issue the Youngs raise in this appeal is whether the Trial Court erred in concluding that it lacked ancillary subject matter jurisdiction over the Youngs' petition to strike and/or open judgment.

Procedurally, on June 14, 2006, the Trial Court issued an order affirming the hearing examiner's report. This order affirmed the award of penalties, imposing a one-time civil penalty of $1,000 in addition to a $700 per week penalty to continue until the Youngs were no longer in violation of the Sewage Facilities Act. Thus, the order directed the payment of penalties, but did not set forth a specific sum because of the alleged on-going violations of the Act. The Youngs appealed that order on July 13, 2006. However on December 6, 2006, the Township filed a Prae-cipe to enter judgment on the Amended Report (as embodied in the Trial Court's decision) in the amount of $26,600 representing the accumulated weekly fines against the Youngs under the permit revocation decision. The Common Pleas Prothonotary served Notices of Entry of Judgment on the Youngs. On January 10, 2007, the Youngs filed the Petition at issue in this appeal. On January 30, 2007, the Trial Court issued its order concluding that it lacked jurisdiction to consider the Petition.

The sole question before the Court is whether the Trial Court erred in concluding it lacked jurisdiction. The Township cites the decision the Trial Court relied upon, *Richland Township v. Prodex, Inc.*, 166 Pa.Cmwlth. 313, 646 A.2d 652, 653, n. 1 (1994), for the proposition that, once a party appeals a decision, a trial court no longer has the authority to consider a petition to open or strike a judgment. Richland Township involved a situation in which a party filed a notice of appeal before the trial court had entered judgment. The opposing party sought to have the appeal quashed on that basis, but this Court concluded that courts should regard the date of the appeal as occurring on the date of entry of judgment. While the subsequent entry of judgment cured the appellate defect, the Court held that the trial court lacked jurisdiction to act on a petition to open or strike judgment once the appeal was filed.

---

**3.** Because we have concluded that the Youngs failed to preserve their right to appeal, we need not address the remaining constitutional issues. However, we would note here that, after reviewing those claims, we find they have no merit. The Youngs have posited no meritorious basis to conclude that the concurrent actions violated either their substantive or procedural due process rights, or that the process of having the permit revocation decided under the Local Agency Law while having the nuisance and injunctive matter decided by the Trial Court violated the Separation of Powers Clause. Although the process contemplated by the Local Agency Law involves initially the participation of persons who are not within the unified judicial system, the process is one that is judicial in nature. Further, the decisions of hearing examiners who perform pursuant to the Law are fully subject to review by the common pleas courts. We summarily reject these arguments as lacking in any merit.

The Youngs assert that their petition is ancillary to the appeal, and that therefore the Trial Court erred in failing to either grant or deny the Petition to Strike and/or Open the Judgment. The Youngs seek to distinguish this case from Richland Township by noting that, in this case, the Trial Court entered an initial judgment before the Youngs filed their appeal. On this basis, Richland Township is distinguishable. As the Youngs suggest, once the trial court issued that initial order and the Youngs appealed that order, the Trial Court presumably lost the power to act on the Township's Praecipe to enter judgment. We believe in this light, the Youngs are correct. By requesting the Trial Court to strike the judgment, the Youngs essentially were asking the Trial Court to return the case to the status quo, a matter within the Trial Court's authority under Pa. R.A.P. 1701. Accordingly, we believe the Trial Court erred in not granting the Youngs' Petition, and we will vacate that order and remand this matter to the Trial Court to enter an appropriate order. Such action will return the matter to the status quo at the time the appeal was filed. However, we note as a practical matter, that, because the Court has rejected the appeal at No. 1329 C.D. 2006, the relief we are granting will not likely result in the ultimate relief the Youngs here seek.

Based upon the foregoing, we will vacate the Trial Court's decision in No. 1330 C.D. 2006 and remand the matter to that Court for a hearing on the request for a permanent injunction. We will affirm the Trial Court's decision in the permit revocation decision at No. 1329 C.D. 2006. Finally, we will vacate the Trial Court's order at No. 345 C.D. 2007.

***ORDER***

AND NOW, this 21st day of December 2007, it is hereby ordered:

1. The order of the Court of Common Pleas of Susquehanna County granting permanent injunctive relief is vacated, and this matter is remanded to the trial court to conduct a final hearing on the issues presented in the Complaint. Jurisdiction is relinquished in No. 1330 C.D. 2006.

2. The order of the Court of Common Pleas of Susquehanna County affirming the decision of the hearing examiner in the permit revocation matter at No. 1329 C.D. 2006 is affirmed.

3. The order of the Court of Common Pleas of Susquehanna County refusing to entertain the Youngs' petition to strike and/or open judgment is vacated, and this matter is remanded to the trial court with the direction to enter an order granting the relief the Youngs requested. Jurisdiction is relinquished at No. 345 C.D. 2007.