350 A.2d 831

**PENNSYLVANIA SECURITIES COMMISSION,
Appellant,**

v.

**CONTINENTAL MANUFACTURING CO. et al.**

Supreme Court of Pennsylvania.

Argued Nov. 17, 1975.

Decided Jan. 29, 1976.

412

Martin H. Aussenberg, Asst. Atty. Gen., Pa. Securities Commission, Philadelphia, for appellant.

John J. Ross, Aliquippa, for appellees.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

This is an action in equity instituted by the Pennsylvania Securities Commission [Commission] against the Continental Manufacturing Company, a Pennsylvania corporation [Continental], the corporate officers and certain of its employees seeking to enjoin the defendants from selling "unregistered securities" in violation of the Pennsylvania Securities Act of 1941 (Act of July 10, 1941, P.L. 317, § 1 et seq., formerly 70 P.S. § 31 et seq.) and the Pennsylvania Securities Act of 1972, P.L. 1280, No. 284, § 101 et seq., 70 P.S. § 1–101 et seq.

Inter alia, the Commission's complaint sought the issuance of a preliminary injunction against the defendants until final hearing plus the immediate appointment of an "Equity Receiver" for Continental. The appointment of the "Equity Receiver" was said to be necessary to preclude any further violations of the Pennsylvania Securities Acts by the defendants and to conserve all assets and property of Continental which had been received as the result of the alleged prior violations. After a preliminary evidentiary hearing, the chancellor refused both requests and from this decree the instant appeal was filed.[1] We affirm.

On appeal from the grant or refusal of a preliminary injunction, appellate review is limited to a determination of whether any apparently reasonable grounds existed for the action of the trial court. *Community Sports, Inc. v. Denver Ringsby Rockets, Inc.*, 429 Pa. 565, 240 A.2d 832 (1968). Moreover a preliminary injunction should not be granted unless the rights of the plaintiff are clear. *Sameric Corporation v. Goss*, 448 Pa. 497, 295 A.2d 277 (1972). Finally, the appointment of a receiver for a solvent corporation is a drastic remedy and should be resorted to only under very limited circumstances. See *Tate v. Philadelphia Transportation Company*, 410 Pa. 490, 190 A.2d 316 (1963).

Instantly, the Commission charged and the testimony before the chancellor substantiated that Continental has sold coin-operated vibrating machines known as "Relax-A-Lators" to individuals and simultaneously caused the machines to be leased back to Continental. In addition, the purchaser's interest was evidenced by "Income Certificates" which promise the purchaser the re-

---

1. Appeals are expressly allowed by statute from the grant or refusal of a preliminary injunction. See Act of February 14, 1866, P.L. 28, § 1, 12 P.S. § 1101 and Act of June 12, 1879, P.L. 177, § 1, 12 P.S. § 1102.

turn of 15% of his investment in annual rental payments. It was the position of the Commission that this constituted the sale of "securities" within the meaning of the Pennsylvania Securities Act.[2] The chancellor did not decide if the lease arrangements engaged in by Continental constituted the sale of securities but left determination of that issue to further study after a final hearing. The chancellor's denial of the preliminary injunction and the immediate appointment of a receiver for Continental was apparently bottomed on the fact that Continental agreed in court to voluntarily cease from engaging in any further lease contracts until after the final hearing and a determination if such constitutes the sale of securities. The Commission urges this was error and that such voluntary cessation of violations of the Pennsylvania Securities Act was not a proper reason for denial of the requested injunction. It urges that under the provisions of the Act of 1972, supra, an injunction should issue if violations of the Act are proven and there is a reasonable likelihood similar conduct will continue. Cf. *S. E. C. v. First American Bank and Trust Co.*, 481 F.2d 673 (8th Cir. 1973), and *S. E. C. v. Culpepper*, 270 F.2d 241 (2d Cir. 1959). Even accepting this position as correct, it would still remain for the chancellor to decide if there was a "reasonable likelihood" the violations would continue before a final hearing. It appears to us he had "reasonable grounds" for concluding otherwise.[3] Moreover, in his decree the chancellor left the door open to the Commission to renew its request for a preliminary injunction if the defendants reneged on their promise

2. It was undisputed at the hearing before the chancellor that a law firm in Pittsburgh acting as corporate counsel had advised Continental the leases involved did not require registration with the Commission.

3. See also, *Marks v. Bell Telephone Co. of Pa.*, 450 Pa. 542, 301 A.2d 373 (1973).

and engaged in the conduct complained of before a final hearing ensued.

Decree affirmed. Each side to pay own costs.

JONES, C. J., took no part in the consideration or decision of this case.