378 A.2d 980

## NORTH PENN GAS COMPANY

v.

**Frank MAHOSKY and Ethel Jean Mahosky, his wife, and Michael F. Mahosky and Peggy A. Mahosky, his wife, Appellants.**

Superior Court of Pennsylvania.

Submitted Dec. 22, 1976.

Decided Oct. 6, 1977.

Lester L. Greevy, Jr., and Greevy, Greevy & Greevy, Williamsport, for appellants.

Robert F. Cox, Jr., Wellsboro, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

In the lower court, plaintiff by complaint in equity seeks to enjoin construction by defendants of a building allegedly encroaching upon a right of way granted to plaintiff for its purpose of "constructing, erecting, maintaining, and/or removing a valve, meter or regulator house with pipe lines transmission and otherwise to and from the same and fixtures appurtenant thereto, . . . together with full right of ingress, egress, and regress at all times to and from the same." This right of way, duly recorded, was originally granted by the predecessor in title of defendants Frank and Ethel Jean Mahosky, who in turn granted, or renewed the

granting of, this right of way, both documents allowing the grantors therein "full use and enjoyment of the buildings and structures now on said premises . . . ." In 1975, these defendants granted a part of the land to the other two named defendants of whom one is their son.

Plaintiff obtained a preliminary injunction, on September 13, 1976, *ex parte*, posting bond, which Order enjoined defendants' further excavation or construction at the site. *Pa.R.C.P.* 1531. Hearing was held on September 18, 1975 and continued on January 12 and 13, 1976. From that hearing the lower court found certain facts, to which our appellants did not except. Over the aforementioned right of way, in 1957, appellee laid a six to eight inch pipe line and placed two structures or fixtures which are used in the regulation of the flow of gas, which passes through at an average pressure of 286 pounds per square inch. This line is a primary source of gas distribution to the Wellsboro area, serving domestic, commercial and industrial users. In September of 1975, appellants began the construction of a cellar for a house, within four to nine feet of the pipe line. This construction has created the potential for danger to appellants, their visitors, future occupants, and business invitees, and it has restricted access of the appellee to its line and fixtures. "[Finding of Fact] 24—The Court finds that to permit the defendants to continue with the construction of the house without the determination and definition of the rights of the parties could and would lead to continuing trespasses by the parties." An order dated June 8, 1976, was entered, continuing the preliminary injunction until further order of court, and providing further:

The parties are hereby directed to proceed to future proceedings promptly or to enter into negotiations. The Court to be notified within twenty (20) days of the date of this order the intent of the parties.

By the Court,

. /s/ Robert M. Kemp,
President Judge

It is this Order which is appealed. See *Chester City School Authority v. Aberthaw*, 460 Pa. 343, 333 A.2d 758 (1975). Appellants in placing the matter into our hands have caused abatement of further deliberations below, the record of which court ends with the appealed Order, and thus has foreclosed the intended negotiations until such time as the case may return to the lower court. The assignment of error is that the evidence was insufficient to support the injunction.[1] We disagree.

Our review encompasses only a consideration of whether there exists any reasonable grounds for the lower court to have issued the injunction. *Pennsylvania Securities Commission v. Continental Manufacturing Company*, 465 Pa. 411, 350 A.2d 831 (1976). The merits of the case will not be addressed, for such remains the province of the chancellor at final hearing. *Roberts v. Board of Directors*, 462 Pa. 464, 341 A.2d 475 (1975). In the instant case, the safety of appellants and others should the line be breached, the need of industrial customers and the well-being of others in an uninterrupted flow of gas, and the ability of appellee properly to care for its pipe and appurtenances—all were considered by the lower court. These are all reasonable grounds for the issuance of this preliminary injunction to preserve the status quo so as to prevent the possibility of irreparable harm. *Slott v. Plastic Fabricators*, 402 Pa. 433, 167 A.2d 306 (1961). The matter must now pass to consideration of the merits.

Order affirmed and case remanded for further proceedings according to law and the pertinent rules of procedure.

---

1. It is noted that appellant states his question as one of insufficiency of evidence "to support the issuing by the lower Court below of a permanent injunction against the defendants." A permanent injunction has not been issued. The appealed Order continues the preliminary injunction. A final hearing and disposition of the matter are yet to come.