448 A.2d 579

**AGRA ENTERPRISES, INC. and Donald Carpenter, Appellants**

v.

**Eugene BRUNOZZI.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1981.

Filed July 16, 1982.

---

Joseph W. Conway, Pittsburgh, for appellants.

Thomas J. Gravina, Pittsburgh, for appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

The instant action is one of a pair of companion cases which were argued together below but which gave rise to different outcomes on different causes of action.

The companion case named as defendant a certain Robert L. Kish, a former employee of appellants. Kish had signed a covenant not to compete with appellants as a condition of his employment, and the lower court issued an injunction forbidding his continued participation in a competitive business. Neither party appealed that outcome.

The case we are now required to decide, however, ended unsatisfactorily for appellants, as their petition for an injunction against appellee, Eugene Brunozzi, was denied. Appellants argue that appellee, their former accountant, was guilty of a civil conspiracy with Kish in setting up a competitive business and has also violated the C.P.A. Law by divulging confidential information. Hence this appeal.

■ Appellee raises a jurisdictional issue, claiming that the order of the lower court, being in equity, is a *decree nisi* rather than a final order, and that under Pa.R.C.P. 1518 appellant was compelled to file exceptions to preserve his issues for appeal. This proposition finds support in cases

such as *Community Sports, Inc., v. Oakland Oaks*, 429 Pa. 412, 240 A.2d 491 (1968) and *Altemose Construction Co. v. Building and Construction Trades Council*, 461 Pa. 524, 337 A.2d 277, 88 BNA LR RM 3448 (1975).

In 1976, however, 42 Pa.C.S.A. § 5105(c) was enacted, and Pa.R.A.P. 311 was promulgated pursuant to that provision. Section 311(a)(4) specifically grants an appeal "as of right" from orders concerning injunctions. The Notes following the rule cite the *Altemose* case, *supra*, as an example of "prior practice". Present practice, obviously, is controlled by the statute permitting appeal directly to the appellate court without the need for exceptions. Therefore, the matter is properly before this court at the present time and the merits may be considered.

The appellee is a certified public accountant who was employed by appellant Carpenter to be the accountant for the appellant Agra Enterprises. Appellee set up the books for the business and thereafter performed the monthly accounting and dealt with the banks. He came to know the employees and to be very familiar with the business. He was employed to do similar jobs as accountant for a second company which was a competitor of Agra Enterprises. He ceased working for appellants in October, 1979.

The appellant business is a trucking brokerage firm which makes its money by arranging for truckers employed by agricultural cooperatives to pick up other commodities for backhaul loads, thus avoiding a return trip with an empty truck. The agricultural cooperatives and the shippers are both groups that are listed in ways that are open to public knowledge.

In April 1980, appellee opened his own brokerage business under the name of U.S.A. He hired Robert L. Kish, discussed *supra* as the defendant in the companion case, to do his contact work, and he also hired a former secretary of appellants who had been working for a third party for an interim period of time.

There can be no doubt that appellee used knowledge he had personally acquired from appellants and their competitor in setting up his business. It is equally clear that appellee hired the former employees of appellants with intent to make use of the expertise they had acquired, in order to make his own new business profitable. It is understandable that appellants feel aggrieved, but we must affirm the decision of the trial court that appellee's activities were not unlawful and that therefore the refusal to issue an injunction against him was correct.

We note again that an injunction *did* issue against Kish, the employee of Agra who worked for U.S.A. as well. The court below specifically restricted its decision in that instance to the agreement not to compete and rejected any implication that breach of a confidential relationship had occurred.

 In the instant appeal, the appellants argue that appellee is guilty of civil conspiracy, and also that he has violated Section 9.11a of the C.P.A. Law, the Act of 1976, Dec. 8, P.L. 1280, No. 286, 63 P.S. 9.11a. That section forbids a C.P.A., except by permission of his client, from divulging confidential information he obtained during performance of professional services. The relationship between an accountant and his client has been held to be one of confidentiality, *Young v. Kaye*, 443 Pa. 335, 279 A.2d 759 9 VCC RS 713 (1971); however, the statute makes only a limited change in the common law, and it does not extend the common law attorney-client privilege to the accountant-client relationships. *Rubin v. Katz*, 347 F.Supp. 322 (ED Pa.1972). A review of the instant record in light of case law shows that the kind of betrayal of confidence envisioned under common law or the statute is not present on the facts of this case.[1]

1. Appellee correctly notes that the only provision of "The C.P.A. Law," *supra*, which provides for injunctive relief is limited to action taken by the State Board of Examiners, 63 P.S. § 9.14. However, § 9.11a, discussed *supra*, does pertain to privileged client communications and the right to grant or withhold permission to speak lies in the client. Some variety of redress to the private individual harmed

A man's aptitude, his skill, his dexterity, his manual and mental ability, and such other subjective knowledge as he obtains while in the course of his employment, are not the property of his employer, and the right to use and expand these powers remains his property unless curtailed through some restrictive covenant entered into with the employer. *Van Products Co. v. General Welding and Febricating Co.*, 419 Pa. 248, 213 A.2d 769, 30 ALR 3d 612 (1965).

Appellee used his skills as a C.P.A. for this company and one of its rivals, and he gained considerable knowledge about their business by doing so. He had signed no restrictive covenant, however, and thus would be entitled to use any skills and knowledge acquired unless his knowledge amounted to "confidential information."

It is not material that the secrets of a business be of any particular type as long as they are "peculiar and important:"

They, however, must be the particular secrets of the complaining employer, not general secrets of the trade in which he is engaged. *Morgans's Home Equipment Corp. v. Martucci*, 390 Pa. 618, 624, 136 A.2d 838 (1957).

On the instant facts, appellee's expertise at setting up books, compiling reports, dealing with banks, etc. was not confidential. He in fact did similar work for another client in competition with appellants. That he turned his knowledge to his own use and created another competitor was not unlawful. The lists of shippers and agricultural cooperatives are, as stated *supra*, published for public consumption. Our courts have already determined that customer lists which are publically available are not "particular secrets of the complaining employer." See *Vincent Howitz Co. v. Cooper*, 352 Pa. 7, 41 A.2d 870 (1945), 24 ALR 3d 821.

Appellee established a formidable rival to appellants' business, but he used expertise he developed over time and publically published information to do so. Appellants had,

by acts incompatible with the statutes' protections would seem mandated under the Act. As noted above, however, there is little difference between the common law and the Act.

as the lower court noted, ample reason to demand a covenant not to compete of their employee Kish, whose job skills, in combination with appellee's own skills, created the competitive business.

 Did the combination of those job skills amount to "civil conspiracy" as appellants argue? We think not. The rule for establishing civil conspiracy is as follows:

> A civil conspiracy is a combination of two or more persons to do an unlawful or criminal act or to do a lawful act by unlawful means or for an unlawful purpose. *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 282 A.2d 335 (1971); *Baker v. Rangos*, 229 Pa.Super. 333, 324 A.2d 498 (1974).

Additionally, a finding of civil conspiracy requires proof of "malice:"

> . . . malice, i.e. an intent to injure, is essential in proof of a conspiracy and this unlawful intent must be absent justification. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).

We have seen that the use of the skills and knowledge of the appellee and Kish was not a breach of a confidential relationship, but the question remains as to whether the purpose was unlawful or the intent unjustifiable. Even intentional, calculated harm done to another may be "justifiable" by legal standards.

> If it was bona fide done in the use of a man's own property . . . such legal justification would . . . exist not the less because what was done might seem to others to be selfish or unreasonable . . . But such legal justification would not exist when the act was merely done with the intention of causing temporal harm, without reference to one's own lawful gains, or the lawful enjoyment of one's own rights. *Rosenblum v. Rosenblum*, 320 Pa. 103, 181 A 583 (1935).

In order to succeed in this suit, appellants would have had to convince us that appellee's motives were malicious and without legal justification. That they have not done. Ap-

pellee's motive in behaving as he did was clearly one of making lawful gain for himself rather than an intent to destroy appellants.

The lower court was correct in refusing to issue an injunction against appellee Brunozzi, and we affirm.

Order affirmed.