Robert N. Humphreys, et ux., et al., Appellants *v.*
James P. Cain, et al., Appellees.

Argued February 29, 1984 before Judge BARRY.

*Robert X. Medonis,* for appellants.

*Edwin L. Klett,* with him, *Robert L. Byer, Eckert, Seamans, Cherin & Mellott,* for appellees.

OPINION BY JUDGE BARRY, March 2, 1984:

Before this Court is a motion for stay which has been filed by Robert N. Humphreys, et ux., et al., appellants herein, at No. 1927 C.D. 1983. The motion recites that their appeal has been filed from an Adjudication and Decree Nisi by the Honorable EMIL E. NARICK, Judge of the Court of Common Pleas of Allegheny County, dated February 28, 1984, which dissolved a preliminary injunction entered by the Honorable MAURICE LOUIK on July 14, 1983. The case involves a dispute between appellants, citizens of Mount Lebanon Township, Allegheny County, who object to the use of Project 70 Funds[1] and want Bird Park in the Township to remain in its natural state, and citizens and officials of the Township who wish to build a soccer field in the park (appellees).

In the opinion of this Court the appeal must be quashed. All counsel agree that Judge NARICK's excellent and scholarly Adjudication and Decree Nisi is an interlocutory order. It is a decree *nisi,* and not by its terms final. When the question of this Court's jurisdiction was raised, counsel for the appellees cited to the Court the case of *Agra Enterprises, Inc. v. Brunozzi,* 302 Pa. Superior Ct. 166, 448 A.2d 579

---

[1] Under the Project 70 Land Acquisition and Borrowing Act, Act of June 22, 1964, P.L. 131, 72 P.S. §§3946.1-3946.22.

(1982). In that case the Superior Court held that even though Pa. R.C.P. No. 1518 requires the filing of exceptions and the entry of a final decree before an appeal can be perfected, the enactment of Pa. R.A.P. 311 in 1976, 42 Pa. C. S. §5105(c), specifically grants an appeal "as of right" from orders which involve injunctions (Pa. R.A.P. 311(a)(4)). The Superior Court in *Agra* concluded that because of the promulgation of Pa. R.A.P. 311, an appeal from a Decree Nisi in a permanent injunction case is a matter of right and need not await the filing and disposition of exceptions by the court of common pleas.

The language of Pa. R.A.P. 311(a)(4) is as follows:

> Rule 311.  Interlocutory Appeals as of Right.
>
> (a)  General Rule.  Except as otherwise prescribed by general rule, an appeal may be taken as of right from:
>
> (4)  *Injunctions.*  An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.

The comments to paragraph (a)(4) indicate that this portion of Rule 311 is patterned after 28 U.S.C. §1292(a)(1), the exact language of which is as follows:

> §1292.  Interlocutory decisions
>
> (a)  ... the courts of appeals shall have jurisdiction of appeals from:
>
> (1)  Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve

or modify injunctions, except where a direct review may be had in the Supreme Court.

It is apparent to the Court from the similarity of language that Rule 311(a)(4) was meant to apply only to preliminary injunctions. Permanent injunctions in the Federal Court are entered by a chancellor and are not interlocutory but final orders. Therefore, the Federal rule which was the model of the Supreme Court when it adopted Pa. R.A.P. 311, in our judgment, was meant to apply only to preliminary injunctions. We, therefore, decline to follow *Agra*. Our conclusion on this score is buttressed by the case of *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059 (1980). This case was decided after the adoption of the Rules of Appellate Procedure and specifically reiterates the rule set forth in *Logan v. Cherrie,* 444 Pa. 555, 282 A.2d 236 (1971), that a party objection to a Decree Nisi must file exceptions under Pa. R.C.P. No. 1518 to perfect a right of appeal. To hold otherwise, we believe, would make those Rules of Civil Procedure meaningless which require a chancellor to file a decree *nisi* and to hear filed exceptions.

The Court, in its argument on the motion for stay, has been informed that the Township of Mount Lebanon has begun cutting down the trees in Bird Park in preparation for the immediate construction of a soccer field. Judge NARICK has refused to grant a supersedeas in the case. Since there has been no final order, the action by the Township in starting the construction is premature and should wait the final disposition of the exceptions in the case. We do not follow the Superior Court in *Agra* and consider the submission of a motion for supersedeas to the chancellor under these circumstances to be contrary to the Rules of Civil Procedure.

The appeal in this case has been quashed.

226

ORDER

AND Now, March 2, 1984, the appeal at 616 C.D. 1984 by Robert N. Humphreys, et ux., et al., is hereby quashed.