517 A.2d 995

**Robert BOLUS and Jule Ann Bolus, his wife, Appellants,**

**v.**

**RYDER TRUCK RENTAL, INC., Appellee.**

Superior Court of Pennsylvania.

Argued May 28, 1986.

Filed Nov. 19, 1986.

388

Paul A. Barrett, Scranton, for appellee.

Before WIEAND, BECK and JOHNSON, JJ.

WIEAND, Judge:

This appeal is from a decree nisi which vacated a preliminary injunction previously granted. Before we review the substantive issues raised by the appellant, we must deter-

mine whether the appeal is jurisdictionally proper and, if so, the scope of our review.

On November 4, 1983, the trial court entered an order preliminarily enjoining the defendant, Ryder Truck Rental, Inc. (Ryder), from interfering with a right of way asserted by Robert Bolus and Jule Ann Bolus, plaintiffs, to use Ryder's land for purposes of ingress and egress from Bolus' land. After the pleadings had been closed and a final hearing had been held, however, the trial court determined that plaintiffs did not have a right of way across Ryder's land. Therefore, on May 9, 1985, the court entered a decree nisi which vacated the preliminary injunction and dismissed the complaint. The plaintiffs filed a timely motion for post-trial relief in the trial court. The motion for post-trial relief has not been decided. Plaintiffs also filed notice of appeal to the Superior Court.

■ Pa.R.App.P. 311(a)(4) provides that an appeal may be taken as a matter of right from "[a]n order granting, continuing, modifying, refusing or *dissolving* injunctions, or refusing to dissolve or modify injunctions." (Emphasis added). This rule, it seems clear, permits an appeal from a decree nisi which has dissolved or vacated a preliminary injunction. See: *Agra Enterprises, Inc. v. Brunozzi*, 302 Pa.Super. 166, 448 A.2d 579 (1982). We conclude, therefore, that we have jurisdiction to hear the instant appeal.

The appeal, however, is not from a final decree; it is from a decree nisi. The plaintiff-appellants have filed a motion for post-trial relief pursuant to Pa.R.C.P. 227.1, and a final decree will not be entered until that motion for post-trial relief has been determined by the trial court. Until a final decree has been entered, the trial court's adjudication will not be ready for final review in this Court. See: *Humphreys v. Cain*, 84 Pa.Commw. 222, 474 A.2d 353 (1984).

■ In the meantime, Pa.R.App.P. 311(a)(4) permits us to review only that portion of the decree which dissolved or vacated the preliminary injunction and thereby refused to maintain the status quo pending final adjudication in the

trial court. Our scope of review under these circumstances is severely limited. Review is limited to a determination of whether there were any reasonable grounds for the action of the trial court. Only if no reasonable grounds exist to support the trial court's order, so that its ruling was palpably erroneous or a misapplication of law, will we disturb the order. *Crozer Chester Medical Center v. May*, 352 Pa.Super. 51, 56, 506 A.2d 1377, 1379–1380 (1986).

The instant case is not one in which the trial court lacked reasonable grounds for dissolving the preliminary injunction. Plaintiffs had been the owners of a rectangular tract of land, containing ten (10) acres, in Dunmore, Lackawanna County. On September 5, 1980, they conveyed the northernmost four acres to Ryder. When they did so, however, they did not reserve the right to use any portion of the land conveyed to Ryder for purposes of access to their remaining land. The tract which they retained, moreover, was not landlocked; other means of access continued to exist. Although Mr. and Mrs. Bolus have added fill to raise the level of portions of their land, the only effect thereof has been to make access to all parts of their tract less convenient—and perhaps more expensive—than by continuing to drive over Ryder's land. This was inadequate to establish an easement by necessity. Similarly, the fact that Ryder had consented to its neighbor's use of its land for right of way purposes for several years did not vest in plaintiffs the right to continue doing so in perpetuity.

The trial court's decision to vacate the preliminary injunction was not the result of an arbitrary refusal to accept credible evidence or a palpable abuse of discretion. It was based, rather, upon plaintiffs' failure to show the existence of an express or implied right of way. Although plaintiffs were entitled to pursue their motion for post-trial relief, the trial court could reasonably conclude that, having failed to prove a clear right to use Ryder's land for right of way purposes, they should not be allowed in the interim to burden Ryder's land by driving their vehicles over it.

The order dissolving the preliminary injunction is affirmed.