526 A.2d 1223

**Harold R. SMOTKIN, Individually and t/d/b/a The Hub Store and The Hub Store, Inc.**

**v.**

**MANHATTAN–WARD, INC., Appellant.**

**Harold R. SMOTKIN, Individually and t/d/b/a the Hub Store and the Hub Store, Inc., Appellant,**

**v.**

**MANHATTAN–WARD, INC.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1987.

Filed June 10, 1987.

598

Alan H. Bernstein and Max Goldman, Philadelphia, for appellant (at 247).

John C. Uhler, York, for Smotkin, appellant (at 251).

Joanne C. Betlem, York, for the Hub Store, appellant (at 251).

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

This case involves an attempt by Harold R. Smotkin, individually, doing business as the Hub Store and the Hub Store, Inc., to enjoin Manhattan-Ward, Inc. from using the name "Hub" for their clothing stores in the York County area.

The procedural aspects of this case form the basis for our determination that a remand is necessary to allow the lower court to rule on the exceptions filed by both parties. We, therefore, will review the various stages of this litigation as it has transpired.

A complaint was filed in June of 1982 together with a motion for a preliminary injunction. Manhattan-Ward sought to remove the action to federal court but it was ultimately remanded to the state court with a hearing on the preliminary injunction held in June of 1983. On March 6, 1984, the court issued what it titled a Decree Nisi ordering Manhattan-Ward to discontinue using the name "The Hub" and enjoining future use of the name in the York county area. The Decree also stated that unless exceptions are filed as required by Pa.R.C.P. 1518, the decree shall be entered as a Final Decree. Exceptions were filed but without ruling upon them, the court entered a second Order on March 20, 1984, calling for the issuance of a preliminary injunction upon the filing of a $50,000 bond and restricting advertising activities of Manhattan-Ward. Again, the court added that if exceptions were not filed, the Decree would become final. On March 21, 1984, a third Order was issued, revoking the prior Decree Nisi of March 6, 1984 and the Order of March 20, 1984 in recognition of procedural defects.

The March 21, 1984 Order decreed that pending a final hearing, a preliminary injunction be issued upon the filing of a bond. No mention was made of exceptions in this Order and Manhattan-Ward subsequently appealed. (No. 00126 Harrisburg, 1984).[1]

On March 30, 1984, a petition for rule and adjudication of contempt was filed and the court subsequently entered an Order requiring Manhattan-Ward to stop advertising. Hearings were held in 1984 and on March 24, 1986, the court issued an Adjudication and Final Decree which ordered Manhattan-Ward to permanently discontinue use of the name "The Hub" in connection with their store in the

1. A praecipe for discontinuance was filed on May 6, 1986.

York County Shopping Center and in conjunction with any other men's retail clothing business within 15 miles of the City of York. Compensatory damages were also awarded.

Both parties filed exceptions to this decree but the court did not rule on the exceptions. Both parties then filed appeals to this Court which are presently before us.

We think based on the procedural history detailed above that the filing of post-trial motions to the Order of March 24, 1986 was appropriate and the lower court should have addressed the exceptions filed by the parties.

■ Matters involving injunctions are distinct in certain ways in the procedural steps which are followed. A preliminary injunction such as that sought in the initial complaint is designed as a temporary remedy granted until that time when the parties dispute can be completely resolved. *Consolidated Coal Co. v. District 5 United Mine Workers of America*, 336 Pa.Super. 354, 485 A.2d 1118 (1984). The purpose behind issuing the injunction is to preserve the status quo, as it exists or previously existed before the acts complained of, preventing irreparable injury or gross injustice. *Naus & Newlyn, Inc. v. Mason*, 295 Pa.Super. 208, 441 A.2d 422 (1982) *North Penn Gas Co. v. Mahosky*, 250 Pa.Super. 366, 378 A.2d 980 (1977).

The Order of March 21, 1984 issued a preliminary injunction pending a final hearing. This Order was immediately appealable at that time, through application of Pa.R.A.P. 311(a)(4) which provides in pertinent part:

**Rule 311.** Interlocutory Appeals as of Right

(a) General rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

.    .    .    .    .

(4) Injunctions. An order granting continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.

After the preliminary injunction was entered the court properly proceeded to hold hearings in Order to finally resolve the underlying issue. The proceedings at this point should then conform to normal equity practice which calls

for the court to make an adjudication, issue a Decree Nisi, and notice to be provided by the prothonotary. Pa.R.C.P. 1517. Post-trial relief is then governed by Pa.R.C.P. 227.1 which requires the filing of a written motion for post-trial relief. After ruling upon these motions a Final Decree is then to be entered.

■ The court in the present case erred in terming the Order of March 24, 1986 a Final Decree and in failing to address the issues raised by the parties exceptions to that Order. The recent case of *Bolus v. Ryder Truck Rental, Inc.*, 358 Pa.Super. 387, 517 A.2d 995 (1986) is instructive on the propriety of this court addressing issues raised in matters involving injunctions.

The court in *Bolus* was faced with an appeal from a Decree Nisi vacating a preliminary injunction. The parties had filed post-trial motions which had not been decided when the appeal was filed. It was held that Pa.R.A.P. 311(a)(4) provided for an appeal as of right from such an Order but it also stated that the rule;

> [P]ermits us to review only that portion of the decree which disolved or vacated the preliminary injunction and therefore refused to maintain the status quo pending final adjudication in the trial court. . . . Review is limited to a determination of whether there were any reasonable grounds for the action of the trial court.

*Bolus*, 358 Pa.Superior Ct. at 389–90, 517 A.2d at 996.

In discussing the resolution of the post-trial motions, the court noted;

> . . . the plaintiff appellants have filed a motion for post-trial relief pursuant to Pa.R.C.P. 227.1 and a final decree will not be entered until that motion for post-trial relief has been determined by the trial court. Until a final decree has been entered, the trial court's adjudication will not be ready for final review in this Court. See *Humphreys v. Cain*, 84 Pa.Commw. 222, 474 A.2d 353 (1984).

*Id.*

In the present case, the matters raised on appeal do not center simply on the propriety of entering an injunction to

maintain the status quo but rather focus on the underlying issues which gave rise to the dispute. The right to use of the trademark; the awarding of punitive and compensatory damages; entitlement to counsel fees and expert fees are all issues raised on appeal. Because such issues are raised we think that the decree appealed from should not be viewed as one continuing an injunction but rather as a Decree Nisi preceding a Final Decree. As such the lower court must first rule on the post-trial motions as stated in *Bolus, supra* before the issues are ripe for appellate review. *See also Walley v. Iraca,* 360 Pa.Super. 436, 520 A.2d 886 (1987). This case is remanded to the trial court to allow it to rule on the exceptions and enter a Final Decree. Appeal may then be properly taken from that Decree.

Decree remanded for action in accordance with this Opinion. In the interim there is no reason to disturb that portion of the trial court's Decree which enjoins Manhattan-Ward, Inc. from doing business as "The Hub" in and around York County. *See: Bolus v. Ryder Truck Rental, Inc.,* 358 Pa.Super. 387, 517 A.2d 995 (1986).

Jurisdiction relinquished.