530 A.2d 906

**MARTIN INDUSTRIAL SUPPLY CORP., Appellant.**

v.

**James RIFFERT and Lindley Supply Co.**

Superior Court of Pennsylvania.

Argued June 25, 1987.

Filed Aug. 31, 1987.

90

Steven R. Williams, Philadelphia, for appellant.

Cary L. Flitter, Bala Cynwyd, for appellees.

Before CIRILLO, President Judge, and McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

On June 4, 1985, plaintiff/appellant hired defendant/appellee, James Riffert, to be a "cold call" salesman in its business of selling various products and supplies for use in the maintenance of commercial properties. At first, Riffert's chief duty was to promote appellant's business by locating new accounts. Within a short period of time, appellant decided to give Riffert established accounts in addition to any new accounts he might locate. In conjunction with turning over the established accounts, Riffert signed a boilerplate "employee non-compete" agreement with appellant on July 9, 1985. Subsequently, on September 19, 1986, Riffert gave notice of his intention to quit

appellant and to work for co-defendant, Lindley Supply Company, a competitor of appellant.

Appellant commenced an action on September 24, 1986 by the filing of a complaint in equity seeking to enforce the "employee non-compete" agreement. Also, appellant filed a motion for a preliminary injunction to enjoin Riffert from violating the agreement. On December 15, 1986, after a hearing on the motion, the trial court issued findings of fact, conclusions of law and a decree nisi denying appellant's request for a preliminary injunction. Appellant then filed a notice of appeal from the decree nisi to our Court on January 5, 1987.

■ Contrary to the trial court's Opinion, we find the instant appeal properly before us despite appellant's failure to file exceptions to the trial court's entry of a decree nisi. Our Opinion in *Agra Enterprises Inc. v. Brunozzi*, 302 Pa.Super. 166, 448 A.2d 579 (1982), is controlling. In *Agra Enterprises*, we held that Pa.R.A.P. 311(a)(4) specifically permits a direct appeal to be taken "as of right" from a decree nisi refusing an injunction to enforce a covenant not to compete, without first filing exceptions to the decree. *See* Pa.R.A.P. 311(a); *Bolus v. Ryder Truck Rental, Inc.*, 358 Pa.Super. 387, 517 A.2d 995 (1986); *Commonwealth ex rel. Lewis v. Allouwill Realty Corporation*, 330 Pa.Super. 32, 478 A.2d 1334 (1984); *Neshaminy Constructors, Inc. v. Philadelphia, Pennsylvania Building and Construction Trades Council, AFL–CIO*, 303 Pa.Super. 420, 449 A.2d 1389 (1982). Therefore, the matter is properly before us.

As we recently restated in *Soja v. Factoryville Sportsmen's Club*, 361 Pa.Super. 473, 477, 522 A.2d 1129, 1131 (1987):

The purposes of a preliminary injunction are to preserve the status quo and prevent imminent and irreparable harm which might occur before the merits of the case can be heard and determined. *Township of Clinton v. Carmat, Inc.*, 288 Pa.Super. 433, 436, 432 A.2d 238, 239 (1981). It is considered an extraordinary remedy and may only be granted if the plaintiff has established a clear

right to the relief sought. *Jostan Alum. Products, Inc. v. Mount Carmel Dist. Indus. Fund,* 256 Pa.Super. 353, 357–58, 389 A.2d 1160, 1163 (1978).

Our Supreme Court thoroughly outlined the scope of appellate review in a preliminary injunction situation, in *Bloomingdale's By Mail Ltd. v. Commonwealth, Department of Revenue,* 513 Pa. 149, 151, 518 A.2d 1203, 1204 (1986), as follows:

> The limited scope of our review on appeal from the denial of a preliminary injunction has often been repeated:
>
> > [W]e will not inquire into the merits of the controversy, but will, instead, examine the record only to determine if there were any apparently reasonable grounds for the actions of the court below. [Citing cases.] Moreover, we will not "pass upon the reasons for or against such action unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly not applicable." [Citing cases.]
>
> *Intraworld Industries, Inc. v. Girard Trust Bank,* 461 Pa. 343, 354, 336 A.2d 316, 322 (1975) quoting *Pa. P.U.C. v. Allegheny Co. Port Authority,* 433 Pa. 495, 499, 252 A.2d 367, 369 (1969). Furthermore, the burden on the plaintiff who seeks an injunction is not easily met.
>
> > In order to sustain a preliminary injunction the plaintiff's right to relief must be clear, the need for relief must be immediate, and the injury must be irreparable if the injunction is not granted.
>
> *Zebra v. Pittsburgh School District,* 449 Pa. 432, 437, 296 A.2d 748, 750 (1972). Our more recent cases have reiterated these principles. *Willman v. Children's Hospital of Pittsburgh,* 505 Pa. 263, 479 A.2d 452 (1984); *Ezy Parks v. Larson,* 499 Pa. 615, 454 A.2d 928 (1982); *Shenango Valley Osteopathic Hospital v. Department of Health,* 499 Pa. 39, 451 A.2d 434 (1982).

With this standard in mind, we have reviewed the record in the instant case.

In its finding of fact, the trial court determined that after appellant had lost not only two veteran salesmen but also, some sixty percent (60%) of its business as a result of these salesmen leaving, appellant obtained a boilerplate "employee non-compete agreement" from a form book and, without benefit of review of the form by counsel, had appellant, as well as its other four salesmen, sign it. The non-competition agreement in question, typed on appellant's stationary and with the corporate seal, is as follows:

### EMPLOYEE NON–COMPETE AGREEMENT

FOR GOOD CONSIDERATION, and in consideration of my being employed by MARTIN INDUSTRIAL SUPPLY CORPORATION, I, the undersigned, hereby agree that upon my termination of employment and notwithstanding the cause of termination, I shall not compete with the business of Martin Industrial Supply Corporation, or its successors or assigns.

The term 'not compete' as used in this agreement means that I shall not directly or indirectly own, be employed by or work on behalf of any firm engaged in a business substantially similar and competitive with Martin Industrial Supply Corporation.

This non-compete agreement shall remain in full force and effect for two years commencing with the date of employment termination.

Signed under seal this 9th day of July 1985.

The trial court found that by its own terms the agreement took effect upon termination for any reason whatsoever, including layoff, bankruptcy or even dismissal without cause. Although the trial court noted that the agreement had a definite time of duration of two years, the court found that the agreement had no geographical limitation, which made its restriction, by its term, apply worldwide. Within 14 months of signing the agreement, Riffert left appellant's employ and began working for co-defendant, Lindly Supply Company.

We find the trial court had reasonable grounds for refusing a preliminary injunction against Riffert. Appel-

lant failed to restrict the geographical parameters of the non-competition agreement in the agreement itself. This fact alone makes the terms of the agreement overbroad because such agreements must have a reasonable limitation in geographic extent. *Sidco Paper Company v. Aaron,* 465 Pa. 586, 351 A.2d 250 (1976); *Wainwright's Travel Service v. Schmolk,* 347 Pa.Super. 199, 500 A.2d 476 (1985). We reject appellant's argument that the geographical area was defined by the agreement's restricting Riffert from competing with appellant, as the area appellant currently conducts business in. Appellant's president testified that appellant's area of business included the states of New Jersey, Delaware, Maryland and Pennsylvania (N.H. 9/9/86, p. 6). Such a radius can be easily viewed as overbroad and we do not hold the trial court's finding it as such, to be unreasonable. Additionally, we find no abuse of discretion on the trial court's part in refusing to rewrite or modify the non-competition agreement to include a specific geographic area or shorter duration, as appellant suggests it could have.

Order affirmed.