636 A.2d 1278

GREENE COUNTY CITIZENS UNITED, by Cindy CUMPSTON, Trustee Ad Litem; Greene County Haulers Association by John Glendenning, Trustee Ad Litem; Dunkard Township et al.

v.

GREENE COUNTY SOLID WASTE AUTHORITY, a Pennsylvania corporation; William H. Martin, Inc., a Pennsylvania corporation; Waste Management of Donora, Inc., a Pennsylvania Corporation,

Appeal of WILLIAM H. MARTIN, INC., a Pennsylvania corporation, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Jan. 12, 1994.

Mary Drake Korsmeyer, for appellant.

Robert J. Shostak, for appellee Green County Citizens United.

Timothy N. Logan, for appellee Greene County Haulers Ass'n.

Before CRAIG, President Judge, COLINS, J., and KELTON, Senior Judge.

CRAIG, President Judge.

William H. Martin, Inc. appeals an order of the Court of Common Pleas of Greene County that denied Martin's motion to dissolve a preliminary injunction the trial court had granted in favor of a citizens group, a haulers' association in Greene County, and several local municipalities in Greene County. The preliminary injunction enjoined the Greene County Solid Waste Authority (1) from implementing a solid waste management plan that Greene County had adopted and which the

Department of Environmental Resources (DER) had approved, under section 505 of the Municipal Waste Planning, Recycling and Waste Reduction Act, Act of July 28, 1988, P.L. 556, 53 P.S. § 4000.505 and (2) from performing contracts the authority entered into with waste haulers to implement the plan.

Factually, the trial court granted a preliminary injunction on December 31, 1992 enjoining the authority from implementing the plan. Despite Martin's request for a bond, at the conclusion of the hearing, the trial court did not direct any of the parties to post a bond. On January 8, 1993, Martin submitted motions in limine to the trial court requesting the court to dissolve the preliminary injunction, in part because the trial court had not required the non-governmental parties to post a bond. Martin also sought clarification of the trial court's December 31 order, because the order did not specifically enjoin Martin from performing under contracts it had entered into with various municipalities.

Alternatively, Martin asked the court to modify the order and to direct the non-governmental parties to post a bond. Martin attached an affidavit of its general manager, who stated that, as a result of the injunction, Martin was losing revenues of $2,205.78 per day.

The trial court conducted hearings on January 13, 15 and 20, 1993, and on January 20 issued a new order (1) enjoining the authority from implementing the plan, with the following exception: "Recognizing that some municipalities may immediately wish to contract for the services of the ... [a]uthority for waste collection, if both the ... [a]uthority and the Municipality agree to such a contract, a temporary agreement may be entered under the provisions of the current plan until (a) the current plan is ratified or amended by the County ... and (b) the plan is implemented pursuant to such a plan and the applicable law and regulations"; (2) voiding intermunicipal agreements with the authority; (3) voiding county ordinances adopting the plan; (4) directing the county to review its plan and to take action to revise or ratify the plan; (5) directing county municipalities to participate in the revision or adoption

process; (6) directing the county to obtain DER approval after county-wide adoption of a plan; (7) setting a hearing date for a status conference relating to the county's compliance with Act 101; (8) directing the county to refund money paid to the authority by municipalities that have elected not to contract with the authority for service, as indicated in (1), above; and (9) directing the citizen group and the haulers association each to post a $5,000 bond.

The two non-governmental parties posted bonds, as directed by the court, on January 22, 1993. Thereafter, Martin filed supplemental preliminary objections, and a second motion to dissolve the injunction, asserting again that an injunction is null and void if the court purporting to grant the injunction fails to require a bond, and also arguing that the bond amounts were inadequate and not validly posted. On March 12, the trial court issued its order denying the motion to dissolve the injunction based on its determination that the non-governmental parties had posted the required bond.

The issues Martin raises in this appeal are: (1) whether the preliminary injunction the trial court granted was void, from the date of the order, because the trial court did not require the non-governmental parties to post a bond; (2) whether the trial court had jurisdiction to grant an injunction where the non-governmental parties did not deposit bond money until from nine days to one month after the court issued an order directing those parties to deposit a bond; (3) whether the method by which the non-governmental parties deposited the bond money was faulty and hence ineffective; and (4) whether the amount of bond the trial court directed the non-governmental parties to deposit was so inadequate as to provide the opposing party, Martin, the authority, and the other local municipalities, with no security.

*1. Injunction on Behalf of Governmental Parties*

Under Pa.R.C.P. No. 1531(b)

Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or

of a political subdivision, a preliminary or special injunction shall be granted only if

(1) the plaintiff files a bond in an amount fixed and with security approved by the court ... or

(2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court to be held by the prothonotary....

Although Pennsylvania courts have consistently held that the failure of a court to require a bond to secure a preliminary injunction renders the grant of a preliminary injunction void, *Lawrence County v. Brenner*, 135 Pa.Commonwealth Ct. 619, 582 A.2d 79 (1990), *petition for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991), governmental entities, such as municipal authorities and political subdivisions, that seek preliminary injunctions are exempt from the bond requirement, as indicated in Rule 1531.

■ Although Martin recognizes that the trial court was not required to demand that the governmental plaintiff parties post a bond in order for the preliminary injunction to be valid, Martin argues that the trial court's initial injunction order was void because the trial court did not require the non-governmental plaintiff parties to post a bond.

However, this court cannot agree with Martin's position, with regard to the validity of that original injunction as it related to the governmental parties, because, if the injunction were void for lack of a bond by the non-governmental parties, the innocent governmental parties would be subject to the conduct which they also sought to enjoin and which under Rule 1531(b) they rightly could seek to have enjoined without the requirement of posting a bond. Hence, with regard to the governmental parties, the trial court's order granting a preliminary injunction in favor of the governmental parties was proper.

*2. Injunction on Behalf of Non–Governmental Parties*

■ As noted above, generally, a trial court's failure to require bond renders an injunction invalid. *Lawrence County*. However, Martin's attack on the trial court's December 31

order is moot, as to the non-governmental parties, because the trial court on January 20 issued a completely fresh preliminary injunction, as indicated above. Therefore, the trial court's new order is not invalid for lack of bond.

### 3. Propriety of Bond Documents

Martin also argues that the bonds the non-governmental parties posted are not effective because certain documents did not accompany the funds evidencing the bond instrument. Rule 1531 provides in pertinent part as follows:

> (b) ... a preliminary injunction shall be granted only if (1) the plaintiff files a bond in an amount fixed and with security approved by the court ...
>
> (2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court to be held by the prothonotary upon the same condition as provided for the injunction bond.

In this case, although the two non-governmental parties first posted a secured bond that the guarantor withdrew, they deposited cash with the prothonotary in the amount the trial court ordered. Hence, they satisfied the requirement of Rule 1531(b)(2). However, Martin asserts that the injunction should be dissolved because the non-governmental parties did not serve Martin with notice of the original bond surety. Martin argues that the failure to serve violated Pa.R.C.P. No. 440, relating to service of legal papers other than original process.

As the non-governmental parties note, the cases upon which Martin relies in asserting this argument involve facts in which the failure to serve notice of legal documents resulted in harm to the other party. Rule 440 nowhere provides for a remedy or penalty for the failure to comply. In this case, Martin could not be harmed by the failure of the non-governmental parties to serve notice of the bond or cash deposits because the preliminary injunction remained effective based on the presence of the governmental parties, which were not required to post bond. Accordingly, the failure to comply technically

with the rule does not render the preliminary injunction invalid.

### 4. Sufficiency of Bond Amount

Martin's final argument is that the preliminary injunction is invalid because the amount of the bond the trial court required was so small as to provide Martin with no security.

As Martin notes, trial courts must determine bond amounts on a case-by-case basis. *Christo v. Tuscany, Inc.,* 368 Pa.Superior Ct. 9, 533 A.2d 461 (1987). The court in *Christo* noted that, under Rule 1531(b), trial courts should require a bond which would cover damages that are reasonably foreseeable, rather than a bond that would cover all damages, because the nature of a preliminary injunction hearing makes a court's primary duty the consideration of whether to grant an injunction; the amount of potential damages to the party whose conduct is sought to be enjoined is not the court's primary concern.

To determine the proper amount of bond, courts should balance the equities involved. In *Christo,* the court noted that a court, in seeking to balance the equities might consider such factors as the inability of a plaintiff "to provide sufficient security where damages could be great." 368 Pa.Superior Ct. at 20, 533 A.2d at 467.

Martin submitted an affidavit of one of its officers averring that the company would lose approximately $2,205.78 per day in lost income as a result of the preliminary injunction. Thus, if the trial court accepted that figure as an estimate of reasonably foreseeable losses, the bond the trial judge required the non-governmental parties to post would seem to be inadequate in this case.

However, the trial judge expressed his belief that the merits of the case, specifically an alleged conflict of interest of an attorney representing the county and several of the county municipalities, created a fatal flaw to the entire plan adoption and contractual agreements between the county and municipalities. The trial court apparently perceived the public inter-

est at stake as an overriding factor, and balanced the equities in favor of the non-governmental parties.

Accordingly, the trial court's order is affirmed.

## ORDER

NOW, January 12, 1994, the order of the Court of Common Pleas, dated March 12, 1993, at No. 1090 of 1992, No. 1, in Equity, 1993, denying Martin's motion to dissolve the preliminary injunction, is affirmed.