**Samar v. Grady**

204

C.P. of Lehigh County, No. 2015-C-1472

*Joshua Gildea*, for plaintiff.
*David Dunn*, for defendants.

REICHLEY, *J.*, June 3, 2015—Plaintiff Richard Samar (Petitioner) has filed a civil action against Defendants Duane and Christine Grady (Respondents) asserting a nuisance and trespass action in connection with lighting illuminating Respondents' in-ground pool and yard area which Petitioner avers brightly shines on his house late into the evening and renders him unable to sleep. After careful consideration of the petition and the testimony heard in this matter, the Court hereby grants Petitioner's request for a preliminary injunction.

## Findings of Fact

The parties are neighbors. Petitioner resides at 3411 School Street, Whitehall Township, Lehigh County, Pennsylvania. Respondents reside at 3014 N. Fourth Street, Whitehall Township, Lehigh County, Pennsylvania. The rear of Petitioner's property is adjacent to the rear of Respondents' property.

For a number of years, the parties have engaged in extensive litigation regarding Respondents' encroachment upon a swale in the land which controls water runoff.[1] This litigation involves Respondents' construction of a pool in their back yard.

In 2014, the pool construction was completed. In conjunction with the swimming pool construction, Respondents installed five brick pillars, each approximately eight feet tall, and on top of those structures, Respondents installed pool lights. Respondent Duane Grady testified that the pool lights are five forty-watt lightbulbs encased in thirteen-inch, hammered glass housings located atop

---

1. Lehigh County Case No. 2010-C-2050.

the brick structures. The glass housings allow light to pass through all 360 degrees.

Petitioner avers that from April 20, 2015 and almost every evening since that date, Respondents shined their pool lights onto Petitioner's property during all hours of the night, keeping the lights on as late as 4:00 a.m. Petitioner testified that the lighting is bright enough to illuminate his yard and the side of his house. He further testified that the lights shine into his bedroom, keeping him up at night.

Petitioner contacted the Whitehall Township Police Department on approximately two occasions to report the brightness of the pool lights. The responding officers advised Petitioner to go to the magistrate and file a criminal complaint for harassment if Petitioner believed that to be the case.

Tim Kern, a neighbor of both parties, testified that the lighting from Respondents' pool is bright enough to illuminate Petitioner's property in the evening. Two photographs Kern took were entered as exhibits purporting to show the impact of the lights on Petitioner's property.

Respondents testified and acknowledged that they have had their pool lights on as late as 4:00 a.m. as Petitioner averred. They explain that the lighting is a safety precaution to avoid liability in the event children or teens trespass on their property and use their pool late at night. They further explain that they have had their home burglarized twice, so they keep the lights on in the yard. However, Respondent Christine Grady indicated that there are additional lights in the yard that serve as a security measure to counteract potential burglars.

Respondents further testified that the pool lights are not bright enough to illuminate Petitioner's home as he alleges. They indicated that they feel they are permitted to swim or otherwise use their pool at any time they wish without limitation. Respondents adamantly refused to agree to a time during which the lights would be turned off, and refused to agree to consistently dim the lights in the evenings.

## Procedural History

Petitioner filed the petition seeking a preliminary injunction along with a civil complaint on May 7, 2015. The Court scheduled the matter for a hearing on May 19, 2015, but Respondents' counsel requested that it be continued. The Court granted the continuance and listed the case for May 28, 2015. The Court took testimony and received evidence at that hearing and took the matter under advisement. Petitioner's counsel submitted a memorandum of law at the close of the hearing. Respondents' counsel submitted a responsive memorandum on June 1, 2015.

This Opinion follows.

## Discussion

Petitioner is seeking a preliminary injunction to require Respondents to turn off their pool lights between the hours of 10:00 p.m. and 8:00 a.m. and to direct Respondents to prevent the light from shining on Petitioner's house at any other time. There are two issues before the Court at this time: Petitioner's request for a preliminary injunction and Respondents' argument that Petitioner has not satisfied a preliminary procedural requirement under the Pennsylvania Rules of Civil Procedure. These issues are

discussed in reverse order.

## Procedural Requirements

Under Pa.R.C.P. 1531, for a Court to issue a preliminary injunction, the plaintiff is required to filed "a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees." Pa.R.C.P. 1531(b)(1). "This requirement is mandatory and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff." *Berger By & Through Berger v. W. Jefferson Hill Sch. Dist.*, 669 A.2d 1084, 1086 (Pa. Cmwlth. 1995) (citation omitted).

The proper amount for a bond must be determined on a case-by-case basis. *Greene Cnty. Citizens United by Cumpston v. Greene Cnty. Solid Waste Auth.*, 636 A.2d 1278, 1281 (Pa.Cmwlth. 1994).

[T]rial courts should require a bond which would cover damages that are reasonably foreseeable, rather than a bond that would cover all damages, because the nature of a preliminary injunction hearing makes a court's primary duty the consideration of whether to grant an injunction; the amount of potential damages to the party whose conduct is sought to be enjoined is not the court's primary concern.

To determine the proper amount of bond, courts should balance the equities involved. . . . [I]n seeking to balance

the equities[, a court] might consider such factors as the inability of a plaintiff to provide sufficient security where damages could be great.

*Id.* at 1281 (citations and internal quotation marks omitted).

In this case, the Court hereby directs Petitioner to post security in the amount of $1,500.00. This is an appropriate amount upon consideration of the equities at issue for both sides and counsel fees that may be incurred.

## Preliminary Injunction

The standard for granting a preliminary injunction is well-established:

An injunction that commands the performance of an affirmative act, a mandatory injunction, is the rarest form of injunctive relief and is often described as an extreme remedy. A petitioner seeking mandatory injunctive relief must show that: (1) an injunction is necessary to prevent irreparable harm that cannot be adequately compensated by damages; (2) greater injury would result from refusing an injunction than from granting it; (3) an injunction will restore the status quo between the parties; and (4) the petitioner's right to relief is clear, and success on the merits is likely. For a preliminary injunction to issue, every one of these prerequisites must be established; if the petitioner fails to establish any one of them, there is no need to address the others.

*Hoffman v. Steel Valley Sch. Dist.*, 107 A.3d 288, 290-91 (Pa. Cmwlth. 2015) (citations and internal quotation marks omitted).

Courts also require the party seeking the injunction to show that it is reasonably suited to abate the offending activity. *Greenmoor, Inc. v. Burchick Const. Co., Inc.*, 908 A.2d 310, 313 (Pa. Super. 2006). Lastly, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest. *Id.*

It is further essential that the activity a petitioner is seeking to restrain is actionable at law. *Milicic v. Basketball Marketing Co.*, 857 A.2d 689, 696 (Pa. Super. 2004) (citing *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1283 (Pa. 1992)). An activity is actionable if it constitutes a breach of a duty imposed by statutory or common law. *Id.*

Petitioner argues that Respondents' activity with respect to the pool lights is actionable under the common law tort of private nuisance. Pennsylvania courts utilize the definition of private nuisance located in the Restatement (Second) of Torts. *Waschak v. Moffat*, 109 A.2d 310 (Pa. 1954). Private nuisances are "nontrespassory invasion[s] of another's interest in the private use and enjoyment of land." Restatement Torts, 2d, § 821D.

Section 822 of the Restatement sets forth the elements of liability for private nuisance as follows:

One is subject to liability for private nuisance if, but only if, his conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of land, and the invasion is either:

(a) intentional and unreasonable, or

(b) unintentional and otherwise actionable under the

rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities.

*Id.* § 822; *Diess v. Pennsylvania Dept. of Transportation,* 935 A.2d 895, 905 (Pa.Cmwlth. 2007).

In evaluating a private nuisance claim, the key question is whether one person has impaired another person's private right of use or enjoyment of their land. The Restatement indicates that "any one of the types of conduct that serve in general as the bases for all tort liability may invade a person's private right of use or enjoyment of their land." A defendant may be liable for the invasion of such use and enjoyment when the interference is intentional and unreasonable or the result of negligent, reckless or abnormally dangerous conduct.

*Diess,* 935 A.2d at 905 (quoting Restatement (Second) of Torts § 822).

Utilizing these legal standards, it is prudent to discuss whether Petitioner satisfied each of the four requirements for a preliminary injunction to issue.

*Necessity of an injunction to prevent irreparable harm that cannot be adequately compensated by damages*

The first requirement is that a petitioner demonstrates that he or she will suffer irreparable harm if the injunction is not issued. "In order to meet this burden, a plaintiff must present concrete evidence demonstrating actual proof of irreparable harm. Greenmoor, Inc., 908 A.2d at 314 (citation omitted). This harm cannot be speculative.

*Id.* "Moreover, for purposes of a preliminary injunction the claimed harm must be irreversible before it will be deemed irreparable." *Id.*

In this case, the harm Petitioner avers he will suffer is inability to sleep at night due to the lights from Respondents' pool area shining in his bedroom. Respondents argue that this should not be an issue because the same lights do not impact upon their sleep. Respondent Christine Grady testified that she has light diffusing curtains in her bedroom.

Petitioner refers the Court to persuasive authority from Montgomery County, *Shiban v. Lightcap*, 2 Pa. D.&C.3d 638 (C.P. Montgomery, Jul. 27, 1977), wherein the court rejected an argument that a person whose sleep was being disrupted by a light installed by his neighbor could remedy the situation by using window shades. *Id.* at 640. The court cited the principle that it is more equitable to require the party causing a problem to act to avoid it. *Id.*

The Restatement (Second) of Torts also offers guidance in determining the gravity of the harm being assessed in a private nuisance context by explaining "[t]he gravity of the harm from noises that disturb a person's sleep, for example, is ordinarily much greater when the noises occur at night than it is when the noises occur in the daytime." Restatement (Second) of Torts § 827 cmt. b (1979).

Under this standard, the Court finds that money damages would not adequately compensate Petitioner for the harm alleged. Petitioner testified that the light emanating from Respondents' residence was bright enough to allow him to read without the aid of another light source. This light

prevents him from sleeping at night when Respondents have their pool lights turned on. The Court finds that the deprivation of sleep is not reasonably compensated by money damages, and therefore finds that Petitioner has satisfied the irreparable harm requirement.

*Whether greater injury would result from refusing an injunction than from granting it*

The Court must consider the relative harm inherent in granting the injunction against the harm in refusing it. Both Respondents testified at the hearing about their interest in using their pool whenever they wish. They further testified that as a result of two prior burglary incidents, they prefer to illuminate their yard at night. However, based on the testimony, this fear of criminal activity around their home only occurred after a breakdown of settlement discussions in the other litigation with Petitioner.

There is an equitable balance that must be considered in this case. Petitioner has an equitable interest in being able to sleep in his own home without interference. Likewise, Respondents have an equitable interest in illuminating their back yard. Like the Montgomery County court in *Shiban*, the most equitable remedy is to require Respondents to install opaque caps or shields behind their lights so that the lights only shine on their own property. The potential that children will utilize Respondents' pool at night and get injured or that Respondents' home would be burglarized is speculative and hypothetical; by contrast, the evidence demonstrated that the light is at least sufficient to interrupt Petitioner's sleep. Redirection of the light would remedy that issue without impinging upon Respondents' rights to illuminate their yard and pool area.

*Whether an injunction will restore the status quo between the parties*

Because the parties' other pending litigation is currently assigned to this Judge, the Court is acutely aware of the degree of animosity between the parties. That notwithstanding, this is the first instance where either side has complained about the other party taking actions which impact upon his or her sleep. Requiring Respondents to block the light from Petitioner's property would restore the status quo for these sides.

*Whether the petitioner's right to relief is clear*

A party's right to relief is clear where the party is likely to prevail on the merits of the permanent injunction. *The Woods at Wayne Homeowners Ass'n v. Gambone Bros. Cosnt. Co.*, 893 A.2d 196 (Pa. Cmwlth. 2006). As noted above, an action for private nuisance requires proof that a defendant engaged in conduct which legally causes an invasion of another's interest in the private use and enjoyment of his land and that invasion is either (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under negligent or reckless conduct liability principles. Restatement (Second) of Torts, § 822; *Kembel v. Schlegel*, 478 A.2d 11, 14-15 (Pa. Super. 1984).

A plaintiff must also demonstrate that he incurred significant harm, which is "harm of importance, involving more than slight inconvenience or petty annoyance." Restatement (Second) of Torts, § 821F cmt. c. "[I]n the case of a private nuisance, there must be a real and appreciable interference with the plaintiff's use or enjoyment of his land before he can have a cause of action." *Id.* In

determining whether personal discomfort or annoyance rises to the level of significant harm, the Restatement offers the guidance that courts should consider whether a normal person living in the community would regard the invasion as "definitely offensive, seriously annoying[,] or intolerable." *Id.*

In this case, the Court finds that Petitioner's right to relief is clear under the standards established for a preliminary injunction. Two photographs were submitted at the hearing in this case, both of which were taken by Mr. Kern, the parties' neighbor. Respondents contest the legitimacy of one of these photographs, which purports to show Petitioner's home illuminated at night by the lights from Respondents' yard. The other photograph shows the lights at issue, and it clearly depicts a series of five lights atop brick pillars, all of which are above the height of a fence between the parties' yards.

The lights shine 360 degrees, which means they illuminate both Respondents' yard and Petitioner's yard. Respondents maintain that these lights are sufficient to provide light to their pool and yard in order to deter potential burglars. Petitioner testified that they are so bright as to impact upon his sleep at night. Even discounting the photograph Respondents challenge is inaccurate or digitally manipulated, the uncontested photograph and Respondents' own testimony indicates that there are five lights bright enough to provide sufficient lighting in Respondents' yard. This amount of light would equally sufficiently illuminate Petitioner's yard unabated due to the 360 degree hammered glass casings. Accordingly, Petitioner has demonstrated a likelihood of success on the merits of his nuisance claim.

*Whether an injunction is reasonably suited to abate the offending activity*

"Pennsylvania courts sitting in equity have jurisdiction to prevent the continuance of acts prejudicial to the interest of individual rights." *The York Grp., Inc. v. Yorktowne Caskets, Inc.*, 924 A.2d 1234, 1244 (Pa. Super. 2007) (citation omitted). In this case, an injunction is appropriate to abate the offending activity. Respondents' lights shining on Petitioner's property is the offending activity at issue. By virtue of these lights, Petitioner avers he is unable to sleep at night. The Court finds that such activity constitutes an act prejudicial to Petitioner's rights, and such an activity is subject to the Court's authority to issue an injunction. Requiring Respondents to cover the lights on Petitioner's side of the property is a reasonable remedy to the situation and is appropriate as a means of abating the offending activity. Accordingly, this requirement is satisfied.

*The preliminary injunction will not adversely affect the public interest*

There is no evidence of record that the public interest is implicated in this case. Consequently, this factor is deemed satisfied. *Id.* at 1245 (factor is satisfied by the absence of evidence that a preliminary injunction will harm the public interest).

## Conclusion

Based on the foregoing analysis, the Court finds that a preliminary injunction is the appropriate mechanism to abate the lighting conditions about which Petitioner is complaining. Petitioner has satisfied his burden of

demonstrating the requisite elements for the issuance of a preliminary injunction.

In balancing the equities, the Court grants the specific relief to require Respondents to install opaque covers or barriers on all of their brick pillars between the lights and Petitioner's property. Respondents must install such covers or barriers at their own expense. However, the Court will not preclude Respondents from keeping their lights on throughout the night after installation of the opaque covers or barriers.

Accordingly, Petitioner's Petition for a Preliminary Injunction is GRANTED.

### ORDER

AND NOW, this day of June, 2015, upon consideration of Plaintiff's Petition for a Preliminary Injunction, filed May 8, 2015, and after hearing held thereon on May 28, 2015 at which time all parties were present with counsel,

IT IS ORDERED that said petition is GRANTED for the reasons set forth in the accompanying Memorandum Opinion. Defendants are directed to install opaque covers or barriers which block the pool lights atop their brick pillars from illuminating upon Plaintiff's residence. Said installation of the opaque covers or barriers is to occur within twenty (20) days. The covers or barriers must block the lights on the side facing Petitioner's property. Counsel for Defendants is directed to provide the Court with proof of compliance. Such installation shall be at Defendants' expense.

IT IS FURTHER ORDERED that Petitioner is required to post security in the amount of $1,500.00 in accordance with Pa.R.C.P. 1531(b).